later. Thus, Michigan is the "home state" of the child under the definitions in both the UCCJA (Domestic Relations Law § 75-c [5]) and the PKPA (28 USC § 1738A [b] [4]). The Michigan Circuit Court agreed to exercise jurisdiction over the custody proceeding initiated by respondent in that State, and thus no basis exists for the exercise of jurisdiction by a New York court (*see*, Domestic Relations Law § 75-d). Family Court, therefore, could not assume jurisdiction over this proceeding consistent with the UCCJA (*see*, Domestic Relations Law § 75-d) or the PKPA (*see*, 28 USC § 1738A [c] [2] [B] [i]; *Matter of Hahn v Rychling*, 258 AD2d 832, 834-835, *lv dismissed* 93 NY2d 954). The court properly rejected petitioner's contention that New York is the home state of the child because respondent is a New York resident living temporarily in Michigan to attend college. Assuming, arguendo, that the record supports that contention, we conclude that "the determination of a child's home state under the UCCJA and PKPA is separate and distinct from the determination of * * * the parents' * * * legal residence[s]" (*Matter of Consford v Consford*, 271 AD2d 106, 111).

The appeal from the order determining that Michigan is the home state of the child and staying the proceeding pending the jurisdictional determination of the Michigan Circuit Court must be dismissed. That order is brought up for review on the appeal from the order granting respondent's motion to dismiss the petition (*see*, CPLR 5501 [a] [1]; *see also, Matter of Gentry v Littlewood*, 269 AD2d 846, 847). (Appeal from Order of Monroe County Family Court, Kohout, J.—Custody.) Present—Green, J. P., Hayes, Hurlbutt, Balio and Lawton, JJ.

■ LEON WRIGHT, Appellant, v SAEED DELI & GROCERY et al., Respondents. (Appeal No. 1.) [715 NYS2d 200] —Appeal unanimously dismissed without costs (*see, Smith v Catholic Med. Ctr.*, 155 AD2d 435; *see also*, CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Monroe County, Smith, J.—Set Aside Verdict.) Present—Green, J. P., Hayes, Hurlbutt, Balio and Lawton, JJ.

■ LEON WRIGHT, Appellant, v SAEED DELI & GROCERY et al., Respondents. (Appeal No. 2.) [713 NYS2d 639] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly denied plaintiff's motion to set aside the jury verdict in favor of defendants. "A motion to set aside a jury verdict of no cause of action should not be granted unless the preponderance of the evidence in favor of the moving party is so great that the verdict could not have been reached upon any