■ CLAUDIA MAGNAVITA, Respondent, v COUNTY OF NASSAU et al., Appellants, et al., Defendants. [723 NYS2d 686] —In an action to recover damages for wrongful death and medical malpractice, the defendants County of Nassau, Nassau County Medical Center, and Paul Kleinman appeal from a judgment of the Supreme Court, Nassau County (DiNoto, J.), entered September 15, 1999, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $691,526.

Ordered that the judgment is affirmed, with costs.

The trial evidence presented a valid line of reasoning to support the jury's conclusion that the defendant Paul Kleinman departed from good and accepted medical practice by failing to prescribe physical therapy for the obese decedent after placing him in a long cast following his ankle surgery, and that the departure was a substantial factor in causing the decedent's death by pulmonary embolism (*see, Cohen v Hallmark Cards,* 45 NY2d 493; *Nicastro v Park,* 113 AD2d 129). Moreover, the conflicts between the testimony of the plaintiff's and the defendants' witnesses, including their respective expert witnesses, merely presented credibility issues for the jury to resolve (*see, People v Jackson,* 65 NY2d 265; *Gray v McParland,* 255 AD2d 359). As the verdict was supported by a fair interpretation of the evidence, there is no basis to disturb it. Ritter, J. P., Santucci, Goldstein and Crane, JJ., concur.

■ DOROTHY McLEOD et al., Respondents, v BROOKLYN UNION GAS COMPANY, Appellant, et al., Defendants. (And Related Actions.) [723 NYS2d 685] —In an action to recover damages for personal injuries, etc., the defendant Brooklyn Union Gas Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Pincus, J.), dated April 5, 2000, as granted the plaintiffs' motion pursuant to CPLR 3126 to strike its answer to the extent of directing a missing witness charge in favor of the plaintiffs unless it complied with certain discovery.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was for a missing witness charge is denied.

Under the circumstances of this case, the Supreme Court should not have directed a missing witness charge in favor of the plaintiffs upon the appellant's failure to comply with certain discovery. O'Brien, J. P., Friedmann, Goldstein and Smith, JJ., concur.