■ THOMAS AHR, Appellant, v JOSEPH KAROLEWSKI et al., Respondents. [853 NYS2d 172]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Molia, J.), entered July 12, 2007, which, upon a jury verdict in favor of the defendants, and upon the denial of his motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence, is in favor of the defendants and against him, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

"[T]he discretionary power to set aside a jury verdict and order a new trial must be exercised with considerable caution, for in the absence of indications that substantial justice has not been done, a successful litigant is entitled to the benefits of a favorable jury verdict" (*Nicastro v Park,* 113 AD2d 129, 133 [1985]). Moreover, "[a] jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence" (*Yau v New York City Tr. Auth.,* 10 AD3d 654, 655 [2004]; *McDonagh v Victoria's Secret, Inc.,* 9 AD3d 395, 396 [2004]; *Kinney v Taylor,* 305 AD2d 466 [2003]).

Here, the plaintiff and the defendant Joseph Karolewski gave two conflicting factual accounts of the manner in which the subject motor vehicle accident occurred. Contrary to the plaintiff's contention, Karolewski's version of events was not so manifestly untrue, physically impossible, or contrary to common experience as to render it incredible as a matter of law. Rather, the divergent accounts raised a question of credibility to be resolved by the jury (*see Prozeralik v Capital Cities Communications,* 82 NY2d 466, 473 [1993]; *Magnavita v County of Nassau,* 282 AD2d 658 [2001]; *Wright v Saeed Deli & Grocery,* 275 AD2d 999 [2000]). The jury's resolution of that issue is entitled to great deference given its opportunity to hear and observe the witnesses (*see Wilson v Hallen Constr. Corp.,* 40 AD3d 986, 988 [2007]; *Shi Pei Fang v Heng Sang Realty Corp.,* 38 AD3d 520, 521 [2007]; *Bobek v Crystal,* 291 AD2d 521, 522 [2002]). Applying these principles to the facts in this case, it simply cannot be said that the evidence so preponderated in favor of the plaintiff that the jury could not have reached its

verdict in favor of the defendants on any fair interpretation of the trial evidence (*see e.g. Landau v Rappaport,* 306 AD2d 446 [2003]; *Bobek v Crystal,* 291 AD2d 521 [2002]).

The plaintiff's remaining contention is improperly raised for the first time on appeal and, in any event, is without merit. Mastro, J.P., Florio, Miller and Dickerson, JJ., concur.