■ Joseph Curreri et al., Appellants, v New Town and Country Corporation, Respondent. (And a Third-Party Action.) (Action No. 1.) Joseph Curreri et al., Appellants, v Heidi Construction Corporation, Respondent. (And a Third-Party Action.) (Action No. 2.) [875 NYS2d 207]—

In two related actions to recover damages for personal injuries, etcetera, which were joined for trial, the plaintiffs appeal, as limited by their brief, from (1) so much of a judgment of the Supreme Court, Suffolk County (Weber, J.), entered April 30, 2007, as, upon a jury verdict on the issue of liability, and upon the denial of their motion pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendant New Town and Country Corporation and against them, dismissing the complaint in action No. 1, and (2) so much of a judgment of the same court, also entered April 30, 2007, as, upon a jury verdict on the issue of liability, and upon the denial of their motion pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendant Heidi Construction Corporation and against them, dismissing the complaint in action No. 2.

Ordered that the judgments are affirmed insofar as appealed from, with one bill of costs to the respondents.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Nicastro v Park*, 113 AD2d 129, 134 [1985]). The "discretionary power to set aside a jury verdict and order a new trial must be exercised with considerable caution, for in the absence of indications that substantial justice has not been done, a successful litigant is entitled to the benefits of a favorable jury verdict" (*id.* at 133). Great deference is accorded to the jury's credibility determinations (*see Miranco Contr., Inc. v Perel*, 57 AD3d 956 [2008]; *Ahr v Karolewski*, 48 AD3d 719 [2008]; *Bertelle v New York City Tr. Auth.*, 19 AD3d 343 [2005]).

In this case, the jury determined that the defendants in action Nos. 1 and 2 were negligent, but that such negligence was not a substantial factor in causing the plaintiff Joseph Curreri (hereinafter the plaintiff) to fall from a stairway in the basement of the home of his daughter and son-in-law. The evidence established that the stairs in question were not in conformity with various provisions of the New York State Uniform Fire Prevention and Building Code. However, the plaintiff previously had traversed up and down the stairway where he fell approximately 12 times without incident. When confronted with his prior deposition testimony that he could not give a specific reason as to why he fell, the plaintiff acknowledged that he was

not sure if he was holding onto the handrail at the time of the accident, nor did he know which step he was on when he fell. In view of the plaintiff's inability to identify what caused him to fall, and the fact that he previously used the stairway on multiple occasions without incident, the verdict was reconcilable with a reasonable view of the evidence, and it should not be set aside (*see Jaffier v Wilson*, 54 AD3d 725, 726 [2008]; *Plowden v Stevens Partners, LLC*, 45 AD3d 659 [2007]; *Zammiello v Senpike Mall Co.*, 5 AD3d 1001 [2004]).

The plaintiffs' remaining contentions are without merit and allege errors which could not have affected the verdict (*see* CPLR 2002). The plaintiffs' contention that reversal is warranted because of statements made by the respondents' attorneys at trial referring to the plaintiffs' claim against the third-party defendant, William J. Foronjy, which was discontinued, is without merit since the trial court promptly sustained the plaintiffs' objections to those references, which were brief. The certificate of occupancy was properly admitted into evidence with appropriate limiting instructions and, in any event, its admission could not have affected the verdict since the jury found that the defendants were, in fact, negligent. The trial court's instructions with respect to the plaintiff's duty of care could not have affected the verdict, since the jurors were instructed not to reach the issue of the plaintiff's negligence unless they found that the defendants' negligence was a proximate cause of the accident. Spolzino, J.P., Santucci, Balkin and Chambers, JJ., concur.