■ MICHAEL MELO, Appellant, v LAGUARDIA FITNESS CENTER CORPORATION et al., Respondents. [898 NYS2d 625]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Siegal, J.), dated May 19, 2009, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

On February 27, 2007, sometime between 6:00 P.M. and 9:00 P.M., the plaintiff Michael Melo lost his footing and fell while using a fitness machine at a gym owned by the defendants LaGuardia Fitness Center Corporation and Matrix Fitness Club. As a result of the plaintiff's feet coming out from underneath him, the weights that had been placed on the machine fell onto

his leg, allegedly causing him to sustain personal injuries. The plaintiff commenced this action seeking to recover damages for the injuries he sustained as a result of his accident. He alleged that his fall was caused by wetness on the floor from a recent mopping, which caused his feet to slip out from underneath him while working out on the fitness machine.

To impose liability on a defendant as a result of an allegedly dangerous condition on the premises, there must be evidence that the dangerous condition existed and that the defendant either created the condition, or had actual or constructive notice of it and failed to remedy it within a reasonable time (*see Davis v Rochdale Vil., Inc.*, 63 AD3d 870, 871 [2009]; *Bluman v Freeport Union Free School Dist.*, 5 AD3d 341, 342 [2004]). "A defendant has constructive notice of a dangerous condition when it is visible and apparent, and existed for a sufficient length of time before the accident such that it could have been discovered and corrected" (*Perlongo v Park City 3 & 4 Apts., Inc.*, 31 AD3d 409, 410 [2006]; *see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]).

The defendants established their prima facie entitlement to judgment as a matter of law by submitting the deposition testimony of the gym manager, who testified that the maintenance staff only mops at 7:00 A.M. or 10:30 P.M., and that when he assisted the plaintiff immediately after the accident, he did not see any wet spots on the floor or on the plaintiff's clothing. In opposition, the plaintiff submitted, inter alia, the affidavit of Francisco Reynoso, a friend of his who was present in the gym at the time of the accident. In that affidavit, Francisco asserted that he had recognized the cleaning person on the day of the accident as the regular cleaning person he had seen in the past, and that he personally witnessed the cleaning person mopping in the area where the plaintiff was injured, prior to himself and the plaintiff beginning their workout that evening. This was sufficient to establish a triable issue of fact as to whether the defendants had created the alleged dangerous condition (*see Christian v Railroad Deli Grocery*, 57 AD3d 599 [2008]).

Accordingly, the Supreme Court erred in granting the defendants' motion for summary judgment dismissing the complaint. Covello, J.P., Florio, Miller and Eng, JJ., concur.