■ Mike Grullon, Respondent, v West 48th Street Redevelopment Corp. et al., Appellants. [904 NYS2d 670]—In an action to recover damages for personal injuries, the defendants West 48th Street Redevelopment Corp. and Grenadier Realty Corp. appeal from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated December 20, 2007, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them, and the defendant Rael Automatic Sprinkler Company, Inc., separately appeals from so much of the same order as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Vaughan, J.), entered June 24, 2009, which, upon a jury verdict on the issue of liability, and upon the denial of his motion pursuant to CPLR 4404 (a), inter alia, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff allegedly slipped and fell on water while walking down a staircase of a building owned by the defendant West 48th Street Redevelopment Corp. (hereinafter Redevelopment), and managed by the defendant Grenadier Realty Corp. (hereinafter Grenadier). On the day of the accident, the defendant Rael Automatic Sprinkler Company, Inc. (hereinafter Rael), was installing a pressure gauge on the sprinkler system, located on the top floor of the five-story staircase. Water spilled out from the pipe on the fifth floor as Rael employees performed their work. Rael asserted that the spillage only went down to the fourth floor landing of the staircase. The plaintiff, who entered the five-story staircase from the second floor, alleged that he fell between the second and first floors.

Following a trial on the issue of liability, the jury returned a verdict in favor of the defendants. The Supreme Court denied the plaintiff's motion pursuant to CPLR 4404 (a), inter alia, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial.

On appeal, the plaintiff contends, inter alia, that the trial court should have granted that branch of his post-trial motion pursuant to CPLR 4404 (a) which was to set aside a jury verdict as contrary to the weight of the evidence and for a new trial. A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Piazza v Corporate Bldrs. Group, Inc., 73 AD3d 1006 [2010]). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors (see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; Nicastro v Park, 113 AD2d 129, 133 [1985]). "It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (Exarhouleas v Green 317 Madison, LLC, 46 AD3d 854, 855 [2007]; see Salony v Mastellone, 72 AD3d 1060 [2010]; Ahr v Karolewski, 48 AD3d 719, 719 [2008]).

To impose liability on a defendant for a slip and fall on an allegedly dangerous condition on a floor, there must be evidence that the dangerous condition existed, and that the defendant either created the condition or had actual or constructive notice of it and failed to remedy it within a reasonable time (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]; Melo v LaGuardia Fitness Ctr. Corp., 72 AD3d

761 [2010]; *Davis v Rochdale Vil., Inc.*, 63 AD3d 870, 870-871 [2009]). Here, contrary to the plaintiff's contention, the jury's determination that there was no water on the staircase where the incident occurred was supported by a fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d at 746; *Nicastro v Park*, 113 AD2d at 134). Moreover, contrary to the plaintiff's contention, the testimony of one of Rael's employees was not incredible or unworthy of belief.

The plaintiff's remaining contentions either are unpreserved for appellate review (*see* CPLR 4110-b, 5501 [a] [3]; *O'Loughlin v Butler*, 2 AD3d 605, 605-606 [2003]) or need not be reached in light of our determination.

The defendants' remaining contentions, although brought up for review on the appeal from the judgment (*see* CPLR 5501 [a] [1]), have been rendered academic in light of our determination. Skelos, J.P., Eng, Hall and Lott, JJ., concur.