■ GREGORY McCOY, Appellant, v TRANSPORT INTERNATIONAL POOL, INC., Respondent. [912 NYS2d 898]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Bayne, J.), entered April 10, 2009, which, upon a jury verdict on the issue of liability, is in favor of the defendant and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

A jury verdict should not be set aside as contrary the weight of the evidence unless the jury could not have reached the

verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Nicastro v Park*, 113 AD2d 129 [1985]). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors (*see Cohen v Hallmark Cards*, 45 NY2d 493 [1978]; *Nicastro v Park*, 113 AD2d 129 [1985]). It is for the trier of fact to make determinations as to the credibility of the witnesses, and great deference is accorded to the factfinders, who had the opportunity to see and hear the witnesses (*see Ahr v Karolewski*, 48 AD3d 719 [2008]; *Bertelle v New York City Tr. Auth.*, 19 AD3d 343 [2005]). Applying these principles to the facts in this case, we find that the verdict was supported by a fair interpretation of the evidence and, therefore, was not contrary to the weight of the evidence.

The plaintiff's remaining contentions are unpreserved for appellate review, are without merit, or do not require reversal. Covello, J.P., Florio, Eng and Chambers, JJ., concur.