■ Sandra Umanzor et al., Appellants, v Helen Zehentner, Respondent. [915 NYS2d 509]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an interlocutory judgment of the Supreme Court, Nassau County (Lally, J.), dated September 18, 2009, which, upon a jury verdict on the issue of liability, adjudged the

plaintiff Sandra Umanzor to be 80% at fault in the happening of the accident and adjudged the defendant to be 20% at fault in the happening of the accident.

Ordered that the interlocutory judgment is affirmed, with costs.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see *Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Nicastro v Park*, 113 AD2d 129 [1985]). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors (see *Cohen v Hallmark Cards*, 45 NY2d 493 [1978]; *Nicastro v Park*, 113 AD2d 129 [1985]). It is for the trier of fact to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the fact finders, who had the opportunity to see and hear the witnesses (see *Ahr v Karolewski*, 48 AD3d 719 [2008]; *Bertelle v New York City Tr. Auth.*, 19 AD3d 343 [2005]). Applying these principles to the facts in this case, we find that the verdict was supported by a fair interpretation of the evidence.

The plaintiffs' remaining contentions are without merit. Dillon, J.P., Balkin, Belen and Austin, JJ., concur.