25-358-cv
*Milone v. Bryant Park Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of February, two thousand twenty-six.

Present:

> AMALYA L. KEARSE,
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> *Circuit Judges*.

―――――――――――――――――――――――――――――

JACQUELINE R. MILONE, JOHN MILONE,

> *Plaintiffs-Appellant*s,

> v.                                                     25-358-cv

BRYANT PARK CORPORATION,

> *Defendant-Appellee*.[*]

―――――――――――――――――――――――――――――

| | |
|---|---|
| For Plaintiffs-Appellants: | APARNA S. PUJAR, Napoli Shkolnik, PLLC, New York, NY |
| For Defendant-Appellee: | JONATHAN P. SHAUB, Shaub, Ahmuty, Citrin & Spratt LLP, Lake Success, NY |

―――――――――――――――――――――

[*] The Clerk of Court is respectfully directed to amend the caption as set forth above.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Sarah L. Cave, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Jacqueline R. Milone and John Milone appeal from a judgment of the United States District Court for the Southern District of New York, entered on February 7, 2025. On January 23, 2024, Plaintiffs brought suit against Appellee Bryant Park Corporation ("BPC") asserting claims of negligence and loss of consortium and spousal support.[1] Plaintiffs' claims arose from injuries Jacqueline Milone sustained on December 30, 2022, after she tripped and fell over a mat on the sidewalk adjacent to Bryant Park and Sixth Avenue, between West 42nd and West 41st Street. At the close of discovery, BPC moved for summary judgment. Plaintiffs opposed. On February 7, 2025, the district court granted BPC's motion and dismissed Plaintiffs' suit. Plaintiffs now appeal. We assume the parties' familiarity with the case.

"We review the district court's rulings on summary judgment *de novo*, resolving all ambiguities and drawing all permissible inferences in favor of the nonmoving party." *Tiffany & Co. v. Costco Wholesale Corp.*, 971 F.3d 74, 83 (2d Cir. 2020). Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On appeal, this Court may affirm the district court's

---

[1] Plaintiffs also brought the same claims against the City of New York, the New York City Department of Transportation, the New York City Department of Parks & Recreation, Consolidated Edison Company of New York, Inc., the New York City Transit Authority, the Metropolitan Transportation Authority, and the MTA Bus Company. In August 2024, the district court dismissed Plaintiffs' claims against the Metropolitan Transportation Authority, the New York City Transit Authority, and the MTA Bus Company for failing to meet notice of claim and prelitigation demand requirements. Plaintiffs then voluntarily discontinued the action against the City of New York, the New York City Department of Parks & Recreation, the New York City Department of Transportation, and Consolidated Edison Company of New York.

decision on a motion for summary judgment "on any grounds for which there is a record sufficient to permit conclusions of law, including grounds not relied upon by the district court." *Holcomb v. Lykens*, 337 F.3d 217, 223 (2d Cir. 2003) (quoting *Olsen v. Pratt & Whitney Aircraft*, 136 F.3d 273, 275 (2d Cir. 1998)).

Under New York law, a plaintiff seeking to prove negligence must show: "(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." *Borley v. United States*, 22 F.4th 75, 78 (2d Cir. 2021) (quoting *Akins v. Glens Falls City Sch. Dist.*, 53 N.Y.2d 325, 333 (1981)).[2] The duty at issue here is that of an "owner or tenant" to "maintain [his or her] property in a reasonably safe condition." *Mullen v. Helen Keller Servs. for Blind*, 135 A.D.3d 837, 837 (2d Dep't 2016) (quoting *Farrar v. Teicholz*, 173 A.D.2d 674, 676 (2d Dep't 1991)). This duty does not extend, however, to conditions that are both "open and obvious" and "not inherently dangerous," *Mathew v. A.J. Richard & Sons*, 84 A.D.3d 1038, 1039 (2d Dep't 2011); this duty is "predicated upon ownership, occupancy, control, or special use of the property," *Pollard-Leitch v. R & D Utica Realty, Inc.*, 186 A.D.3d 513, 514 (2d Dep't 2020). A defendant breaches this duty where a "dangerous condition existed, and . . . the defendant either created the condition, or had actual or constructive notice of it and failed to remedy it within a reasonable time." *Melo v. LaGuardia Fitness Ctr. Corp.*, 72 A.D.3d 761, 762 (2d Dep't 2010).

The district court granted summary judgment to BPC on the grounds that the mat over which Plaintiffs allege Jacqueline Milone tripped was "both open and obvious and not inherently dangerous." App'x at 336–43. We need not, however, reach that issue. The record compels a finding that BPC did not owe a duty to maintain the sidewalk upon which the mat was placed, and

---

[2] The parties agree that New York law applies to their substantive claims, brought under diversity jurisdiction.

so BPC may not be found liable for injuries arising from the accident, regardless of the mat's visibility. We thus affirm the district court's judgment on this alternative basis.

## I. Duty to Maintain the Sidewalk

Under New York law, the duty to maintain the safety of public sidewalks generally lies with the municipality. *Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 419 (2d Cir. 2004) (citing *Hausser v. Giunta*, 88 N.Y.2d 449, 452–53 (1996)). An abutting landowner or lessee may, however, be found liable for injuries arising from a public sidewalk's dangerous condition if the landowner or lessee: (1) "created the condition," (2) "voluntarily but negligently made repairs," (3) "caused the condition to occur because of some special use," or (4) "violated a statute or ordinance placing upon the lessee the obligation to maintain the sidewalk which imposes liability upon the lessee."[3] *Martin v. Rizzatti*, 142 A.D.3d 591, 593 (2d Dep't 2016); *see also Williams*, 391 F.3d at 419. Plaintiffs argue on appeal that BPC had a duty to maintain the sidewalk because it (1) made "special use" of the sidewalk, and (2) violated a statute or ordinance placing upon it the obligation to maintain the sidewalk. We are unpersuaded.

First, BPC did not make "special use" of the sidewalk. Plaintiffs argue that because BPC was hosting an "open air Christmas market" within the Park at the time of the accident, BPC made "special use" of the sidewalk to direct foot traffic towards the event. Appellant's Br. at 2–4. The special use exception, however, is reserved for situations in which a lessee "derives a special benefit from [the] property unrelated to the public use." *Williams*, 391 F.3d at 419 (quoting *Poirier v. City of Schenectady*, 85 N.Y.2d 310, 315 (1995)). BPC's alleged use of the sidewalk—as a

---

[3] Plaintiffs argue these exceptions apply because BPC is a "lessee" of Bryant Park. Appellant's Br. at 2. In contrast, BPC maintains it is a "licensee" but does not contend that its status as a licensee, as opposed to a lessee, affects the application of these exceptions. Appellee's Br. at 35–36. We therefore assume for purposes of this appeal that the exceptions apply here.

pathway to the entrance of the Park's market—is in no way distinct from the sidewalk's use as a public thoroughfare. *Cf. Torres v. City of New York*, 32 A.D.3d 347, 349 (1st Dep't 2006) (driveway portion of sidewalk constituted special use to landowner whose property the driveway serviced); *Nickelsburg v. City of New York*, 34 N.Y.S.2d 1, 2–3 (1942) (installation of "iron rails . . . [e]mbedded in the sidewalk" from a hoistway adjacent to defendant's apartment building to the curb was exclusively for the accommodation of the owner of the premises to allow removal of refuse, and therefore constituted special use). Moreover, Plaintiffs fail to allege that BPC *caused* the condition giving rise to Mrs. Milone's injuries—the mat's placement on the sidewalk—*because* of its alleged special use. Plaintiffs do not contend that BPC was the entity responsible for placing the mat, much less that BPC placed the mat for a particular purpose related to the open-air market. *See* Appellant's Br. at 26 (asserting only that BPC "maintained the area" where the mat was placed). The record, therefore, does not support the conclusion that BPC owed a duty to maintain the sidewalk as a result of any special use.

Second, the record provides no support for Plaintiffs' contention that any "statute or ordinance" placed an obligation on BPC to maintain the sidewalk. Plaintiffs argue that the City of New York "delegated day-to-day responsibility and maintenance for the sidewalk to BPC" under its license agreement with BPC. Appellants' Reply Br. at 15. A license agreement, however, is not a "a statute or ordinance." To the extent that local ordinances speak to this situation, they contradict Plaintiffs' claims. New York City Admin. Code § 7-210(a) imposes the obligation to maintain a sidewalk on the "owner[s] of real property abutting any sidewalk," and here the owner of Bryant Park is the City of New York. This obligation, New York courts have held, is nondelegable. *See Xiang Fu He v. Troon Mgmt., Inc.*, 34 N.Y.3d 167, 169 (2019) (New York City Admin. Code § 7-210 imposes a "nondelegable duty on certain real property owners to maintain

5

city sidewalks abutting their land in a reasonably safe condition," and "applies with full force notwithstanding an owner's transfer of possession to a lessee or maintenance agreement with a nonowner"). Plaintiffs, therefore, fail to establish that BPC owed a legal duty to maintain the sidewalks adjacent to Bryant Park under its agreement with the City—or even that such an obligation could be transferred from the sidewalk's abutting landowner.

In sum, because BPC neither made special use of the sidewalk, nor owed a duty to maintain the sidewalk under any statute or ordinance, BPC may not be held liable for any injuries arising from its allegedly dangerous condition.

\* \* \*

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk