■ DALIA ANGRAND, Respondent, v RONALD A. STERN, Appellant, et al., Defendants. [777 NYS2d 658]—In an action to recover damages for medical malpractice, etc., the defendant Ronald A. Stern appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Golar, J.), dated January 24, 2003, as, sua sponte, granted the plaintiff leave to amend the pleadings to conform to the proof adduced at trial to assert a cause of action sounding in common-law negligence, granted that branch of the plaintiff's motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict in favor of him and against the plaintiff, and granted the plaintiff judgment as a matter of law against him on the issue of liability.

Ordered that on the Court's own motion, the part of the notice of appeal that purports to appeal as of right from so much of the order as, sua sponte, granted the plaintiff leave to amend the pleadings to conform to the proof adduced at trial to assert a cause of action sounding in common-law negligence is treated as an application for leave to appeal from that part of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict in favor of the appellant and against the plaintiff is denied, the jury verdict is reinstated, and the matter is remitted to the Supreme Court, Queens County, for the entry of judgment on the verdict in the appellant's favor.

The plaintiff's cause of action against the appellant was based upon allegations of incompetence of a specialized medical nature, namely failure to perform breast examinations or refer the plaintiff's decedent for mammograms. This derives from the

physician-patient relationship and is substantially related to medical diagnosis and treatment, which by definition sounds in medical malpractice rather than ordinary negligence (*see Russo v Shah,* 278 AD2d 474, 475 [2000]).

On appeal, the plaintiff does not contest that her claim against the appellant sounds in medical malpractice but asserts that the verdict in the appellant's favor on that issue was against the weight of the credible evidence. The plaintiff raised this issue in her motion to set aside the verdict but the Supreme Court did not rule on that issue.

The verdict in favor of the appellant with respect to medical malpractice was not against the weight of the credible evidence adduced at the trial (*see Bobek v Crystal,* 291 AD2d 521 [2002]; *Nicastro v Park,* 113 AD2d 129 [1985]). A jury's resolution of conflicting expert testimony is entitled to great weight since it is the jury that had the opportunity to observe and hear the experts (*see Landau v Rappaport,* 306 AD2d 446 [2003]).

The plaintiff's remaining contentions were not preserved for appellate review by timely objection (*see Panzarino v Jeffrey A. Weisberg, M.D., P.C.,* 257 AD2d 483, 484 [1999]). Altman, J.P., H. Miller, Goldstein and Skelos, JJ., concur.