██ JAMES MURRAY, Respondent, et al., Plaintiff, v THEODORE J. MANIATIS, Appellant, et al., Defendants. [801 NYS2d 348]—

In an action, inter alia, to recover damages for medical malpractice, the defendant Theodore J. Maniatis appeals from an order of the Supreme Court, Richmond County (Lebowitz, J.), dated December 15, 2003, which, upon a jury verdict in his favor and against the plaintiff James Murray, granted the motion of the plaintiff James Murray pursuant to CPLR 4404 (a) to set aside the jury verdict and for a new trial.

Ordered that the order is reversed, on the law and the facts, with costs, the motion is denied, the verdict is reinstated, and the matter is remitted to Supreme Court, Richmond County, for the entry of an appropriate judgment.

On January 5, 1996, the plaintiff James Murray (hereinafter the plaintiff), sought treatment from the defendant Theodore J. Maniatis, for difficulty in breathing. Maniatis treated the plaintiff with oral systemic steroids, including Prednisone and Medrol, at various dosages throughout the course of his treatment. The plaintiff developed avascular necrosis, a rare side effect of taking steroids and as a result, underwent hip replacement surgery of both hips, and arthroscopy and arthroscopic

surgery of his left shoulder. The plaintiff, and his wife derivatively, commenced this action against, among others, Maniatis, alleging, inter alia, that Maniatis was negligent in failing to perform proper testing, including magnetic resonance imagings, and in failing to advise him of the risks and dangers associated with taking oral steroids in order to obtain his informed consent. After trial, the jury rendered a verdict in favor of Maniatis and against the plaintiff. The plaintiff moved pursuant to CPLR 4404 (a) to set aside the verdict on the grounds that (1) the jury verdict on the issue of informed consent was against the weight of the evidence and (2) the Supreme Court improperly rejected proposed interrogatories numbered eight and nine in its charge to the jury. The Supreme Court granted the motion and ordered a new trial. We reverse.

The Supreme Court erred in determining that its failure to submit proposed interrogatories numbered eight and nine regarding whether Maniatis deviated or departed from the accepted standard of care by not ordering further testing after suspecting that the plaintiff developed avascular necrosis, and by not informing the plaintiff of that diagnosis, was reversible error. The evidence adduced at trial did not demonstrate that such measures would have prevented or minimized the injuries sustained by the plaintiff (*see Randolph v Long Is. Coll. Hosp.,* 234 AD2d 441 [1996]; *Fallon v Damianos,* 192 AD2d 576 [1993]).

Regarding the issue of informed consent, the evidence did not so preponderate in the plaintiff's favor that the verdict could not have been reached upon any fair interpretation of the evidence (*see Roseingrave v Massapequa Gen. Hosp.,* 298 AD2d 377 [2002]). The disputed testimony of the parties and their medical experts presented issues of credibility which were for the jury to resolve (*see Gerdik v Van Ess,* 5 AD3d 726 [2004]). Thus, we conclude that the portion of the verdict regarding informed consent was not against the weight of the evidence (*see Roseingrave v Massapequa Gen. Hosp., supra*).

The plaintiff's contention that the Supreme Court's failure to include a time frame in its charge to the jury regarding informed consent, confused the jury, is without merit (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d 539 [1983]).

Maniatis's remaining contentions are without merit. Schmidt, J.P., Krausman, Rivera and Fisher, JJ., concur.