■ RICHARD GONYON, Appellant, v MB TELEVISION, Also Known as MB TV, et al., Defendants, and T & V RENTAL COMPANY, Respondent. [828 NYS2d 452]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Bellantoni, J.), dated April 26, 2005, which, upon a jury verdict on the issue of liability, is in favor of the defendant T & V Rental Company and against him dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed, with costs.

The plaintiff alleged that he backed into a bolt installed by the defendant T & V Rental Company (hereinafter the defendant) which protruded from the wall of a mechanical room where he was working. Following a trial on the issue of liability, the jury determined that the defendant's bolt was not involved in the plaintiff's accident.

The plaintiff's contention that he was entitled to judgment as a matter of law is unpreserved for appellate review because he failed to move for a directed verdict at the close of the evidence at trial (*see Miller v Miller*, 68 NY2d 871, 873 [1986]; *see also Ford v Southside Hosp.*, 12 AD3d 561, 562 [2004]). In any event, his contention is without merit. For a plaintiff to demonstrate entitlement to judgment as a matter of law, there must be "no valid line of reasoning and permissible inferences" by which the

jury could have rationally reached a verdict in favor of the defendant on the basis of the evidence presented at trial (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). At trial, the plaintiff testified that the defendant's bolt caused his accident. At his deposition, however, he identified a bolt which had not been installed by the defendant as the cause of his accident, and this inconsistency was presented to the jury. Such evidence permitted the jury to rationally infer that the defendant's bolt was not involved in the plaintiff's accident. Consequently, there was a valid line of reasoning by which the jury could have reached its verdict in favor of the defendant.

Further, the verdict was not against the weight of the evidence as it was supported by a fair interpretation of the evidence (*see Dicke v Anci*, 31 AD3d 696 [2006]). There were no witnesses to the plaintiff's accident, and therefore his credibility was critical. Based on inconsistencies between the plaintiff's trial testimony and his deposition testimony, and the conceded deterioration of his memory due to medication, the jury could have fairly discredited his claim that the defendant's bolt caused his accident.

The plaintiff's remaining contentions are, in part, unpreserved for appellate review and, in any event, without merit. Miller, J.P., Ritter, Lunn and Angiolillo, JJ., concur.