■ PETER EXARHOULEAS et al., Appellants-Respondents, v GREEN 317 MADISON, LLC, Respondent, and TGI FRIDAY'S, INC., et al., Respondents-Appellants. [847 NYS2d 866]— In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of a judgment of the Supreme Court, Queens County (Cullen, J.), dated July 20, 2006, as, upon a jury verdict in favor of the defendants TGI Friday's, Inc., and National 42nd St. Realty, Inc., on the issue of liability, and upon the denial of their motion pursuant to CPLR 4404 (a) to set aside the jury verdict, is in favor of those defendants and against them dismiss-

ing the complaint insofar as asserted against those defendants, and the defendants TGI Friday's, Inc., and National 42nd St. Realty, Inc., separately appeal from so much of the same judgment as is in favor of the defendant Green 317 Madison, LLC, and against them dismissing their cross claims.

Ordered that the judgment is affirmed, without costs or disbursements.

A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]; *Harris v Marlow,* 18 AD3d 608, 610 [2005]; *Torres v Esaian,* 5 AD3d 670, 671 [2004]). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors (*see Cohen v Hallmark Cards,* 45 NY2d 493, 498 [1978]). It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses (*see Bertelle v New York City Tr. Auth.,* 19 AD3d 343 [2005]; *Corcoran v People's Ambulette Serv.,* 237 AD2d 402, 403 [1997]).

Here, the jury's determination that the defendants TGI Friday's, Inc., and National 42nd St. Realty, Inc., were not negligent was not against the weight of the evidence.

The plaintiffs' remaining contention is without merit.

In light of the foregoing, the Supreme Court properly dismissed, as academic, the cross claim asserted by the defendants TGI Friday's, Inc., and National 42nd St. Realty, Inc., against the defendant Green 317 Madison, LLC. Crane, J.P., Rivera, Florio and Balkin, JJ., concur.