■ BARBARA L. SALONY, Appellant, v VINCENT MASTELLONE et al., Respondents. [901 NYS2d 87]—In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Orange County (McGuirk, J.), dated August 22, 2008, which, upon a jury verdict in favor of the defendants on the issue of liability, and upon the denial of her motion, in effect, pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence, is in favor of the defendants and against her, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced this action, inter alia, to recover damages for personal injuries after being knocked down by the defendants' dog. The trial court ordered that the issues of liability and damages would be tried separately, and the jury reached a verdict in favor of the defendants at the conclusion of the liability trial based upon its finding that the defendants' dog did not have vicious propensities. The trial court denied the plaintiff's motion, in effect, pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and entered a judgment in favor of the defendants and against the plaintiff, dismissing the complaint. We affirm.

The plaintiff's contention that the trial court improperly ordered a bifurcated trial is unpreserved for appellate review (*see* CPLR 5501 [a]; *Zawadzki v 240 E. 76th St. Condominium*, 290 AD2d 551 [2002]; *Darwak v Benedictine Hosp.*, 247 AD2d 771, 772 [1998]; *Sanchez v Kato, Inc.*, 115 AD2d 646 [1985]; *Meyers v Fifth Ave. Bldg. Assoc.*, 90 AD2d 824, 825 [1982]).

The plaintiff's contention that she was entitled to judgment as a matter of law on the issue of liability is unpreserved for appellate review because she failed to move for a directed verdict on this issue at the close of the evidence at trial (*see Miller v Miller*, 68 NY2d 871, 873 [1986]; *Gonyon v MB Tel.*, 36 AD3d 592 [2007]). In addition, a jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). "It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (*Exarhouleas v Green 317 Madison, LLC*, 46 AD3d 854, 855 [2007]; *see Ahr v Karolewski*, 48 AD3d 719 [2008]). Here, contrary to the plaintiff's contention, the verdict was supported by a fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d at 746).

The plaintiff's remaining contentions are unpreserved for appellate review. Mastro, J.P., Leventhal, Lott and Austin, JJ., concur.