■ YEHUDA BABAJANOV, Appellant, v YUN SANG MA et al., Respondents. [909 NYS2d 639]—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Dollard, J.), entered May 27, 2009, which, upon a jury verdict on the issue of liability, is in favor of the defendants and against him.

Ordered that the judgment is affirmed, with costs.

A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Nicastro v Park*, 113 AD2d 129, 134, 136 [1985]). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Nicastro v Park*, 113 AD2d at 133).

Here, the plaintiff and the defendant driver gave two conflicting factual accounts of the manner in which the subject accident occurred. Contrary to the plaintiff's contention, the jury was justified in crediting the defendant driver's version of events. Under the circumstances, the jury's determination that the plaintiff's violation of Rules of City of New York Depart-

ment of Transportation (34 RCNY) § 4-03 (c) (3) and § 4-04 (b) (2) constituted the sole proximate cause of the accident was supported by a fair interpretation of the evidence. Rivera, J.P., Angiolillo, Chambers and Austin, JJ., concur.