■ Dursun Guclu, Appellant, v 900 Eighth Avenue Condominium, LLC, et al., Defendants, and Mandl School, Inc., et al., Respondents. [916 NYS2d 147]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) a judgment of the Supreme Court, Kings County (Jackson, J.), dated August 27, 2009, which, upon a jury verdict in favor of the defendants Mandl School, Inc., and Mandl Medical School on the issue of liability, is in favor of those defendants and against him dismissing the complaint insofar as asserted against those defendants, and (2) an order of the same court dated February 2, 2010, which denied his motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial.

Ordered that the judgment and the order are affirmed, with one bill of costs.

For a reviewing court to determine that a jury's verdict is not supported by legally sufficient evidence, it must conclude that there is "simply no valid line of reasoning and permissible inferences" by which the jury could have rationally reached its verdict on the basis of the evidence presented at trial (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Gonyon v MB Tel.*, 36 AD3d 592, 592-593 [2007]). In addition, a jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Piazza v Corporate Bldrs. Group, Inc.*, 73 AD3d 1006, 1006-1007 [2010]). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors (*see Cohen v Hallmark Cards*, 45 NY2d at 499; *Nicastro v Park*, 113 AD2d 129, 133 [1985]). "It is for the jury

to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (*Exarhouleas v Green 317 Madison, LLC*, 46 AD3d 854, 855 [2007]; *see Salony v Mastellone*, 72 AD3d 1060, 1061 [2010]; *Ahr v Karolewski*, 48 AD3d 719 [2008]).

Labor Law §§ 200, 240, and 241 apply to owners, general contractors, or their "agents" (Labor Law § 200 [1]; § 240 [1]; § 241). A party is deemed to be an agent of an owner or general contractor under the Labor Law when it has the "ability to control the activity which brought about the injury" (*Walls v Turner Constr. Co.*, 4 NY3d 861, 863-864 [2005]; *see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317-318 [1981]; *Fox v Brozman-Archer Realty Servs.*, 266 AD2d 97, 99 [1999]). Lessees who hire a contractor and have the right to control the work being done are considered "owners" within the meaning of the statutes (*see Kwang Ho Kim v D & W Shin Realty Corp.*, 47 AD3d 616, 618 [2008]; *Bell v Bengomo Realty, Inc.*, 36 AD3d 479, 481 [2007]; *Pest v Beeper Connection Paging*, 302 AD2d 249 [2003]; *Frierson v Concourse Plaza Assoc.*, 189 AD2d 609, 611 [1993]; *Sweeting v Board of Coop. Educ. Servs.*, 83 AD2d 103, 114 [1981]).

Applying these principles here, the Supreme Court properly denied the plaintiff's motion to set aside the verdict and for judgment as a matter of law or, alternatively, to set aside the verdict as contrary to the weight of the evidence and for a new trial on the issue of liability. There was a valid line of reasoning and permissible inferences by which the jury could have rationally reached its verdict on the basis of the evidence presented at trial, and a fair interpretation of the evidence supported the jury's determination that the defendants Mandl School, Inc., and Mandl Medical School (hereinafter together the Mandl defendants)—the lessees of the premises—did not hire the plaintiff's employer to undertake the ceiling work that the plaintiff was performing at the time of the accident, and did not have authority to supervise or control the work at the job site that caused the plaintiff's injuries (*see Ferluckaj v Goldman Sachs & Co.*, 12 NY3d 316 [2009]; *Pest v Beeper Connection Paging*, 302 AD2d 249 [2003]; *Guzman v L.M.P. Realty Corp.*, 262 AD2d 99 [1999]; *Bart v Universal Pictures*, 277 AD2d 4, 5 [2000]). Accordingly, there was no basis to impose liability upon the Mandl defendants under Labor Law §§ 200, 240 (1), or § 241 (6), as they were neither "agents" of the owner or general contractor, nor "owners" themselves, within the meaning of those provisions. Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.