VERIZON NEW YORK, INC., Respondent, v ORANGE & ROCKLAND UTILITIES, INC., Appellant. [954 NYS2d 641]—

In an action to recover for property damage, the defendant appeals from a judgment of the Supreme Court, Rockland County (Walsh II, J.), entered April 29, 2011, which, upon, inter alia, a jury verdict on the issue of damages awarding the plaintiff the principal sum of $200,788.35, and upon the denial of its motion pursuant to CPLR 4404, among other things, in effect, to set aside so much of the jury verdict as awarded the plaintiff certain sums for certain damages and for judgment as a matter of law with respect to those awards, or, alternatively, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial with respect to those awards, is in favor of the plaintiff and against it in the principal sum of $200,788.35.

Ordered that the judgment is affirmed, with costs.

For a reviewing court to determine that a jury's verdict is not supported by legally sufficient evidence, it must conclude that there is "simply no valid line of reasoning and permissible inferences" by which the jury could have rationally reached its verdict on the basis of the evidence presented at trial (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Geary v Church of St. Thomas Aquinas*, 98 AD3d 646 [2012]). In addition, a jury verdict should

not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Piazza v Corporate Bldrs. Group, Inc.*, 73 AD3d 1006, 1006-1007 [2010]). "It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (*Exarhouleas v Green 317 Madison, LLC*, 46 AD3d 854, 855 [2007]; *see Salony v Mastellone*, 72 AD3d 1060, 1061 [2010]).

Applying these principles here, the Supreme Court properly denied the defendant's motion pursuant to CPLR 4404. There was a valid line of reasoning and permissible inferences by which the jury could have rationally reached the challenged portions of its verdict on the basis of the evidence presented at trial, and a fair interpretation of the evidence supported the jury's determination. Moreover, contrary to the defendant's contention, the Supreme Court did not err in permitting a certain witness to use a document to refresh her recollection (*see generally McCarthy v Meaney*, 183 NY 190, 193 [1905]; *Huff v Bennett*, 6 NY 337, 338 [1852]; *Sauer v Diaz*, 300 AD2d 1136 [2002]; *cf. D'Amato v Access Mfg.*, 305 AD2d 447 [2003]). Skelos, J.P., Dickerson, Hall and Roman, JJ., concur.