—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Siegal, J.), entered November 9, 2011, which, upon a jury verdict in favor of the *685 defendants, and upon an order of the same court dated August 24, 2011, denying his motion pursuant to CPLR 4404 to set aside the jury verdict as contrary to the weight of the evidence or in the interest of justice and for a new trial, is in favor of the defendants and against him, dismissing the complaint.
Ordered that on the Court’s own motion, the notice of appeal from the order is deemed a premature notice of appeal from the judgment (see CPLR 5520 [c]); and it is further,
Ordered that the judgment is affirmed, with costs.
A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Nicastro v Park, 113 AD2d 129, 134 [1985]). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors (see Cohen v Hallmark Cards, 45 NY2d 493, 498-499 [1978]; Nicastro v Park, 113 AD2d at 134-135). “It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses” (Exarhouleas v Green 317 Madison, LLC, 46 AD3d 854, 855 [2007]; see Babajanov v Yun Sang Ma, 77 AD3d 862 [2010]; Salony v Mastellone, 72 AD3d 1060 [2010]). Here, where the jury was presented with conflicting evidence as to how and why the accident occurred, its determination to resolve questions of credibility against the plaintiff was supported by a fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744 [1995]; Nicastro v Park, 113 AD2d 129 [1985]).
The plaintiffs remaining contention is without merit. Skelos, J.E, Balkin, Cohen and Miller, JJ., concur.