■ RICHARD AMAJIE, Appellant, v RHESA M. MUCHAI et al., Respondents. [971 NYS2d 449]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Ritholtz, J.), entered June 27, 2012, which, upon a jury verdict in favor of the defendants and against him on the issue of liability, and upon the denial of his motion pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and for a new trial, only awarded him damages pursuant to the parties' high-low agreement.

Ordered that the judgment is affirmed, with costs.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Verizon N.Y., Inc. v Orange & Rockland Utils., Inc.*, 100 AD3d 983 [2012]; *Piazza v Corporate Bldrs. Group, Inc.*, 73 AD3d 1006, 1006-1007 [2010]). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Nicastro v Park*, 113 AD2d 129, 133 [1985]). "It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (*Exarhouleas v Green 317 Madison, LLC*, 46 AD3d 854, 855 [2007]; *see Salony v Mastellone*, 72 AD3d 1060, 1061 [2010]).

Applying these principles here, a fair interpretation of the evidence supported the jury's determination that the defendants were not negligent (*see Geary v Church of St. Thomas Aquinas*, 98 AD3d 646 [2012]). Dillon, J.P., Roman, Miller and Hinds-Radix, JJ., concur.