In an action to recover legal fees, (1) the defendant Beth Golden appeals from a judgment of the Supreme Court, Nassau County (Woodard, J.), dated April 10, 2012, which, upon a jury verdict, is in favor of the plaintiff and against her in the total sum of $34,525.03, and (2) the defendant Adam Golden appeals from a judgment of same court, also dated April 10, 2012, which, upon a jury verdict, and upon the denial of his motion pursuant to CPLR 4404 (a) to set aside the verdict against him and for judgment as a matter of law, is in favor of the plaintiff and against him in the total sum of $34,525.02.
Ordered that the judgment with respect to Beth Golden is affirmed, without costs or disbursements; and it is further,
*912 Ordered that the judgment with respect to Adam Golden is reversed, on the law, without costs or disbursements, the motion of the defendant Adam Golden pursuant to CPLR 4404 (a) to set aside the jury verdict against him and for judgment as a matter of law is granted, and the complaint is dismissed insofar as asserted against the defendant Adam Golden.
The defendants’ contention that the jury verdict in favor of the plaintiff on its cause of action to recover damages pursuant to a written retainer agreement against the defendant Beth Golden was not supported by legally sufficient evidence is unpreserved for appellate review, since the defendants failed to raise that issue at the close of evidence at trial (see Blinds to Go [U.S.], Inc. v Times Plaza Dev., L.P., 88 AD3d 838, 839 [2011]; Olchovy v L.M.V. Leasing, 182 AD2d 745, 746 [1992]). In addition, the defendants’ contention that the defendant Beth Golden was entitled to judgment as a matter of law dismissing the cause of action to recover damages for breach of contract is unpreserved for appellate review because they failed to move for that relief at the close of the evidence at trial (see Salony v Mastellone, 72 AD3d 1060, 1061 [2010]; Gonyon v MB Tel., 36 AD3d 592 [2007]).
Moreover, “[a] jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence” (Amajie v Muchai, 109 AD3d 852, 852 [2013]). “It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses” (Exarhouleas v Green 317 Madison, LLC, 46 AD3d 854, 855 [2007]). Here, a fair interpretation of the evidence supported the jury’s verdict that the defendant Beth Golden breached her contract with the plaintiff (see Lolik v Big V Supermarkets, 86 NY2d 744, 745-746 [1995]).
The defendants’ contention that the defendant Adam Golden was entitled to judgment as a matter of law dismissing the cause of action to recover damages in quantum meruit because an express contract covered the same subject matter is unpreserved for appellate review, as they failed to raise this contention when they moved for judgment as a matter of law at the close of the evidence at trial (see Salony v Mastellone, 72 AD3d at 1061; Gonyon v MB Tel., 36 AD3d at 592; see also Nunez v Motor Veh. Acc. Indem. Corp., 96 AD3d 917, 918 [2012]). However, “questions of law which appear on the face of the record and which could not have been avoided if raised at the proper juncture may be raised for the first time on appeal” (Muniz v Mount *913 Sinai Hosp. of Queens, 91 AD3d 612, 618 [2012]; see Navillus Tile, Inc. v George A. Fuller Co., Inc., 83 AD3d 919, 920 [2011]; Parry v Murphy, 79 AD3d 713, 715 [2010]). Such a question of law was presented here. A party cannot recover in quantum meruit where, as here, there is an express agreement that covers the same subject matter (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]; Metropolitan Switch Bd. Mfg. Co., Inc. v B & G Elec. Contrs., Div. of B & G Indus., Inc., 96 AD3d 725, 726 [2012]; Randall’s Is. Aquatic Leisure, LLC v City of New York, 92 AD3d 463, 464 [2012]). Accordingly, the defendants’ motion pursuant to CPLR 4404 (a) for judgment as a matter of law dismissing the cause of action to recover damages in quantum meruit should have been granted.
The defendants incorrectly contend that it was unclear from the record as to whether the jury intended to find the defendants individually liable or jointly and severally liable. The jury was never charged on joint and several liability. Thus, contrary to the defendants’ contention, the record does not demonstrate that the verdicts should have been set aside on the ground that they were the product of substantial confusion among the jurors (see Salim v Gomez, 20 AD3d 410 [2005]; Bedell v Hornick, 245 AD2d 538 [1997]).
The defendants contend that the fee-shifting provision for attorney’s fees in the contract was unenforceable and, thus, the portion of the damages award for the plaintiffs attorney’s fees should be stricken. However, the jury failed to indicate in its verdict what portion, if any, of the damages consisted of the plaintiffs attorney’s fees. The defendants’ failure to object to the charge, the verdict sheet, and the form of the verdict constitutes a waiver of this claim on appeal (see CPLR 5501 [a]; Rabito v Deer Park Mgt. Servs., LLC, 106 AD3d 798, 799 [2013]; Husak v 45th Ave. Hous. Co., 52 AD3d 782, 783 [2008]; Brown v Stark, 205 AD2d 725 [1994]; Soulier v Hughes, 119 AD2d 951, 954 [1986]; Collins v Weinberg, 88 AD2d 1037 [1982]; Helman v Markoff, 255 App Div 991 [1938], affd 280 NY 641 [1939]).
Mastro, J.P, Dillon, Leventhal and Duffy, JJ., concur.