In an action to recover damages for medical malpractice, etc., the defendants Martin Asare Anim and Wyckoff Emergency Medicine Services, EC., appeal from an order of the Supreme Court, Kings County (Steinhardt, J.), dated October 3, 2012, which granted the plaintiffs’ motion pursuant to CFLR 4404 (a) to set aside a jury verdict in favor of the defendants and against them on the issue of liability as contrary to the weight of the evidence and for a new trial.
Ordered that the order is reversed, on the facts, with costs, *1038 the plaintiffs’ motion pursuant to CPLR 4404 (a) is denied, the jury verdict is reinstated, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment.
On January 19, 2004, and on January 23, 2004, when the infant plaintiff was approximately five weeks old, she experienced breathing problems and was taken to the emergency room at the defendant Wyckoff Heights Medical Center (hereinafter WHMC). On both occasions, after the infant plaintiff arrived at WHMC, she was examined by the defendant Martin Asare Anim, an emergency room physician board-certified in general pediatrics, who determined that she was breathing normally and had normal vital signs. A chest X ray taken on January 19, 2004, was normal, and no chest X ray was ordered on January 23, 2004. The infant plaintiff was discharged on both occasions.
On January 25, 2004, the infant plaintiff again experienced difficulty breathing and was again transported to the emergency room at WHMC. The infant plaintiff later suffered respiratory failure while in the emergency room, and was transported to the defendant New York Presbyterian Hospital. An X ray taken at New York Presbyterian Hospital later that day revealed certain abnormalities, including swelling of the airways. The infant plaintiff was diagnosed with respiratory syncytial virus.
The plaintiffs commenced this action to recover damages for medical malpractice against, among others, Anim and his professional corporation, Wyckoff Emergency Medicine Services, EC. (hereinafter together the Anim defendants), alleging, inter alla, that Anim should have ordered a chest X ray for the infant plaintiff on January 23, 2004, and that he should have admitted her to the hospital on that date. After the parties presented their cases, the jury found in the Anim defendants’ favor. The Supreme Court granted the plaintiffs’ motion pursuant to CFLR 4404 (a) to set aside the jury verdict on the issue of liability as contrary the weight of the evidence and for a new trial. We reverse.
A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; DiMarco v Custom C.A.S., Inc., 106 AD3d 684, 685 [2013]; Nicastro v Park, 113 AD2d 129, 134 [1985]). “It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses” (Exarhouleas v Green *1039 317 Madison, LLC, 46 AD3d 854, 855 [2007]; see Babajanov v Yun Sang Ma, 77 AD3d 862 [2010]; Salony v Mastellone, 72 AD3d 1060 [2010]). Here, the disputed testimony of the parties and their medical experts presented issues of credibility which were for the jury to resolve (see Velonis v Vitale, 57 AD3d 657, 658 [2008]; Murray v Maniatis, 21 AD3d 1012, 1013 [2005]; Angrand v Stern, 8 AD3d 218, 219 [2004]; Kaplan v Nadler, 289 AD2d 454, 455 [2001]). In particular, the testimony of the Anim defendants’ expert board-certified pediatrician provided the jurors with a reasonable basis for drawing a conclusion contrary to that reached by the plaintiffs’ expert regarding whether Anim departed from good and accepted medical practice by not ordering a chest X ray on January 23, 2004, or by not admitting the infant to the hospital on that date.
Accordingly, the jury verdict was supported by a fair interpretation of the evidence and should not have been disturbed. Mastro, J.E, Balkin, Sgroi and LaSalle, JJ., concur.