■ Taylor Semo et al., Respondents, v Brian McMahon et al., Appellants. [9 NYS3d 657]—

In an action to recover damages for medical malpractice, etc., the defendants appeal from an order of the Supreme Court, Richmond County (Fusco, J.), dated November 20, 2013, which granted the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendants and against the plaintiffs on the issue of liability as contrary to the weight of the evidence and for a new trial.

Ordered that the order is reversed, on the facts, with costs, the plaintiffs' motion pursuant to CPLR 4404 (a) is denied, the jury verdict is reinstated, and the matter is remitted to the Supreme Court, Richmond County, for the entry of an appropriate judgment.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big v Supermarkets*, 86 NY2d 744, 746 [1995]; *Valenzuela v Wyckoff Hgts. Med. Ctr.*, 116 AD3d 1037, 1038-1039 [2014]; *DiMarco v Custom C.A.S., Inc.*, 106 AD3d 684, 685 [2013]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]). "It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (*Exarhouleas v Green 317 Madison, LLC*, 46 AD3d 854, 855 [2007]; *see Valenzuela v Wyckoff Hgts. Med. Ctr.*, 116 AD3d at 1038; *Babajanov v Yun Sang Ma*, 77 AD3d 862 [2010]; *Salony v Mastellone*, 72 AD3d 1060 [2010]). Here, the disputed testimony of the parties and their medical experts presented issues of credibility which were for the jury to resolve (*see Valenzuela v Wyckoff Hgts. Med. Ctr.*, 116 AD3d at 1039; *Velonis v Vitale*, 57 AD3d 657, 658 [2008]; *Murray v Maniatis*, 21 AD3d 1012, 1013 [2005]; *Angrand v Stern*, 8 AD3d 218, 219 [2004]). In particular, the testimony of the defendants' experts provided the jurors with a reasonable basis for drawing a conclusion contrary to that reached by the plaintiffs' expert regarding whether the defendants departed from good and accepted medical practice by not screening the infant plaintiff for vesicoureteral reflux.

Accordingly, the jury verdict was supported by a fair interpretation of the evidence and should not have been disturbed. Chambers, J.P., Sgroi, Cohen and Duffy, JJ., concur.