■ MICHELE DANIEL, an Infant, by Her Mother and Natural Guardian, MARILYN DAVIS, Respondent, v ANDRE THOMAS et al., Appellants. [17 NYS3d 760]—In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Battaglia, J.), entered September 17, 2013, which denied their motion pursuant to CPLR 4404 (a) to set aside a jury verdict on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the jury verdict on the issue of liability and so much of the jury verdict on the issue of damages as awarded the plaintiff $50,000 for future medical expenses as contrary to the weight of the evidence and for a new trial.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied that branch of the defendants' motion which was to set aside the jury verdict on the issue of liability and for judgment as a matter of law. The defendants failed to demonstrate that there was no valid line of reasoning and permissible inferences which could lead rational people to the conclusion reached by the jury based on the evidence presented at trial (*see* CPLR 4404 [a]; *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]).

The Supreme Court also properly denied that branch of the defendants' motion which was to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence. A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big v Supermarkets*, 86 NY2d 744, 746 [1995]; *Valenzuela v Wyckoff Hgts. Med. Ctr.*, 116 AD3d 1037, 1038-1039 [2014]; *DiMarco v Custom C.A.S., Inc.*, 106 AD3d 684, 685 [2013]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]). "It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (*Exarhouleas v Green 317 Madison, LLC*, 46 AD3d 854, 855 [2007]; *see Valenzuela v Wyckoff Hgts. Med. Ctr.*, 116 AD3d at 1038; *Babajanov v Yun Sang Ma*, 77 AD3d 862 [2010]; *Salony v Mastellone*, 72 AD3d 1060 [2010]). Here, the disputed testimony of the parties presented issues of credibility which were for the jury to resolve (*see Valenzuela v Wyckoff Hgts. Med. Ctr.*, 116 AD3d at 1039; *Velonis v Vitale*, 57 AD3d 657, 658 [2008]; *Murray v Maniatis*, 21 AD3d 1012, 1013 [2005]; *Angrand v Stern*, 8 AD3d 218, 219 [2004]).

Contrary to the defendants' further contention, the damages award for future medical expenses was not based upon uninformed speculation (*cf. Mohamed v New York City Tr. Auth.*, 80 AD3d 677 [2011]). Mastro, J.P., Balkin, Sgroi and Maltese, JJ., concur.