■ Olha Yanyak et al., Respondents, v Arthur J. Rosenman, M.D., et al., Appellants. [20 NYS3d 647]—

In an action to recover damages for personal injuries, etc., the defendants appeal from (1) an order of the Supreme Court, Suffolk County (Garguilo, J.), dated January 14, 2014, which granted that branch of the plaintiffs' motion which was pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendants and for judgment as a matter of law on the issue of liability, and (2) a judgment of the same court, dated April 21, 2014, which, upon the order, is in favor of the plaintiffs and against them on the issue of liability.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, that branch of the plaintiffs' motion which was pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendants and for judgment as a matter of law on the issue of liability is denied, the jury verdict is reinstated, the order is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate judgment in favor of the defendants; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Pursuant to CPLR 4404 (a), a court may, inter alia, set aside a verdict or any judgment entered thereon and direct that judgment be entered in favor of a party entitled to judgment as a matter of law. In order for a court to do so, there must be no valid line of reasoning and permissible inferences which could possibly lead rational people to the conclusion reached by the jury on the basis of the evidence presented at trial (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *LePatner v VJM Home Renovations*, 295 AD2d 322, 323 [2002]). In the instant case, the Supreme Court should have denied that branch of the plaintiffs' motion which was to set aside the jury verdict in favor of the defendants and for judgment as a matter of law in their favor on the issue of liability, as there existed a valid line of reasoning and permissible inferences from which the jury could rationally conclude that the defendants did not depart from good and accepted medical practice by not performing a loop electrosurgical excision procedure (hereinafter LEEP procedure) or a cone biopsy (*see Cohen v Hallmark Cards*, 45 NY2d at 499; *Schwartz v Minkoff*, 308 AD2d 484, 485-486 [2003]).

After determining that the plaintiffs were entitled to judgment as a matter of law, the Supreme Court did not decide that branch of the plaintiffs' motion which was for a new trial, made on the ground that the jury verdict in favor of the defendants on the issue of liability was contrary to the weight of the evidence. Under the circumstances and in the interest of judicial economy, we address that branch of the plaintiffs' motion in the first instance (*see Lariviere v New York City Tr. Auth.*, 131 AD3d 1130 [2015]; *Telsaint v City of New York*, 120 AD3d 794, 796 [2014]).

Upon our review of the record, we conclude that the jury verdict was not contrary to the weight of the evidence. A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big v Supermarkets*, 86 NY2d 744, 746 [1995]; *Semo v McMahon*, 128 AD3d 1048 [2015]; *Valenzuela v Wyckoff Hgts. Med. Ctr.*, 116 AD3d 1037 [2014]; *DiMarco v Custom C.A.S., Inc.*, 106 AD3d 684, 685 [2013]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]). It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses (*see Semo v McMahon*, 128 AD3d at 1049; *Valenzuela v Wyckoff Hgts. Med. Ctr.*, 116 AD3d at 1038; *Babajanov v Yun Sang Ma*, 77 AD3d 862 [2010]; *Salony v Mastellone*, 72 AD3d 1060 [2010]; *Exarhouleas v Green 317 Madison, LLC*, 46 AD3d 854, 855 [2007]). Here, the disputed testimony of the parties and their medical experts presented issues of credibility which were for the jury to resolve (*see Semo v McMahon*, 128 AD3d at 1049; *Valenzuela v Wyckoff Hgts. Med. Ctr.*, 116 AD3d at 1039; *Velonis v Vitale*, 57 AD3d 657, 658 [2008]; *Murray v Maniatis*, 21 AD3d 1012, 1013 [2005]; *Angrand v Stern*, 8 AD3d 218, 219 [2004]). In particular, the testimony of the defendants' expert provided the jurors with a reasonable basis for drawing a conclusion contrary to that reached by the plaintiffs' expert regarding whether the defendants departed from good and accepted medical practice by not performing a LEEP procedure or a cone biopsy. Accordingly, the jury verdict was supported by a fair interpretation of the evidence and must be reinstated. Rivera, J.P., Dickerson, Miller and Maltese, JJ., concur.