Shellkopf v Bernfeld (2018 NY Slip Op 04768)





Shellkopf v Bernfeld


2018 NY Slip Op 04768


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-03630
 (Index No. 505041/13)

[*1]Nathan Shellkopf, respondent, 
v
Shimon Bernfeld, appellant.


Adams, Hanson & Kaplan, Buffalo, NY (Kevin J. Graff of counsel), for appellant.
Law Office of Vaccaro and White, New York, NY (Adam D. White of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Genine D. Edwards, J.) entered April 11, 2016. The judgment, upon a jury verdict in favor of the plaintiff on the issue of liability, upon the parties' stipulation on the issue of damages, and upon the denial of the defendant's motion pursuant to CPLR 4404 to set aside the verdict on the issue of liability and for judgment as a matter of law, or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial, is in favor of the plaintiff and against the defendant in the principal sum of $100,000.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he sustained when the defendant's vehicle struck him while he was riding a bicycle in Brooklyn. Following a jury trial on the issue of liability, the jury found the defendant 100% at fault in the happening of the accident. The defendant then moved pursuant to CPLR 4404 to set aside the verdict on the issue of liability and for judgment as a matter of law, or, in the alternative, the set aside the verdict as contrary to the weight of the evidence and for a new trial. The motion was denied. A judgment was entered in favor of the plaintiff and against the defendant in the principal sum of $100,000. The defendant appeals.
For a reviewing court to determine that a jury's verdict is not supported by legally [*2]sufficient evidence, it must conclude that there is "simply no valid line of reasoning and permissible inferences" by which the jury could have rationally reached its verdict on the basis of the evidence presented at trial (Cohen v Hallmark Cards, 45 NY2d 493, 499; see Szczerbiak v Pilat, 90 NY2d 553, 556; Geary v Church of St. Thomas Aquinas, 98 AD3d 646, 646; Guclu v 900 Eighth Ave. Condominium, LLC, 81 AD3d 592, 592). In addition, a jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746; Amajie v Muchai, 109 AD3d 852, 852; Chavanne v BZL Cleaning Solution, Inc., 84 AD3d 852, 853). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors (see Cohen v Hallmark Cards, 45 NY2d at 499; Nicastro v Park, 113 AD2d 129, 133). " It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses'" (Jean-Louis v City of New York, 86 AD3d 628, 629, quoting Exarhouleas v Green 317 Madison, LLC, 46 AD3d 854, 855; see Salony v Mastellone, 72 AD3d 1060, 1061).
Applying these principles here, there was a valid line of reasoning and permissible inferences by which the jury could have rationally reached its verdict on the basis of the evidence presented at trial, and a fair interpretation of the evidence supported the jury's verdict in favor of the plaintiff.
The defendant's remaining contentions are either unpreserved for appellate review or without merit.
DILLON, J.P., CHAMBERS, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court