Harewood v Holmes (2018 NY Slip Op 05144)





Harewood v Holmes


2018 NY Slip Op 05144


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-10166
 (Index No. 12828/13)

[*1]Alison Harewood, respondent, 
v
Denisial Holmes, et al., appellants.


Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Meredith Drucker Nolen and Nicholas P. Hurzeler of counsel), for appellants.
Greg Garber, New York, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated September 6, 2016. The order granted that branch of the plaintiff's motion pursuant to CPLR 4404 which was to set aside a jury verdict on the issue of liability in favor of the defendants as contrary to the weight of the evidence, and for a new trial on the issue of liability.
ORDERED that the order is reversed, on the facts, with costs, that branch of the plaintiff's motion pursuant to CPLR 4404 which was to set aside the jury verdict on the issue of liability in favor of the defendants as contrary to the weight of the evidence, and for a new trial on the issue of liability is denied, the jury verdict is reinstated, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment.
The plaintiff, who alleges that she was injured when a sink spontaneously dislodged from a wall and fell on her, commenced this action to recover damages for personal injuries against Denisial Holmes, the owner of the building in which the incident occurred, and Abraham W. Realty Corp., the managing agent of the building. At trial, the defendants' expert testified that the sink could not have spontaneously dislodged and fallen in the manner claimed by the plaintiff, based on his review of, inter alia, the depositions and documentary evidence in the matter, as well as the expert's reenactment of the accident. The jury rendered a verdict on the issue of liability in favor of the defendants, but the Supreme Court granted that branch of the plaintiff's motion pursuant to CPLR 4404 which was to set aside the jury verdict as contrary to the weight of the evidence, and for a new trial on the issue of liability, finding that the defendants had been given prior notice of the defectiveness of the sink. The defendants appeal, and we reverse.
A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746; Semo v McMahon, 128 AD3d 1048; Valenzuela v Wyckoff Hgts. Med. Ctr., 116 AD3d 1037; DiMarco v Custom C.A.S, Inc., 106 AD3d 684, 685; Nicastro v Park, 113 AD2d 129, 134). It is for the jury to make determinations as to the credibility of the witnesses, [*2]and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses (see Semo v McMahon, 128 AD3d at 1049; Exarhouleas v Green 317 Madison, LLC, 46 AD3d 854, 855; see also Valenzuela v Wyckoff Hgts. Med. Ctr., 116 AD3d at 1038; Babajanov v Yun Sang Ma, 77 AD3d 862; Salony v Mastellone, 72 AD3d 1060). Here, the disputed testimony of the parties and the defendants' expert presented issues of credibility which were for the jury to resolve (see Semo v McMahon, 128 AD3d 1048; Babajanov v Yun Sang Ma, 77 AD3d at 862-863; Exarhouleas v Green 317 Madison, LLC, 46 AD3d at 855). In particular, the testimony of the defendants' expert provided the jurors with a reasonable basis for concluding that the accident did not occur in the manner claimed by the plaintiff. Therefore, the jury verdict was supported by a fair interpretation of the evidence. Accordingly, the Supreme Court should not have granted that branch of the plaintiff's motion pursuant to CPLR 4404 which was to set aside the jury verdict as contrary to the weight of the evidence, and for a new trial on the issue of liability.
MASTRO, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court