Thompson v Northwell Health, Inc. (2025 NY Slip Op 00471)

Thompson v Northwell Health, Inc.

2025 NY Slip Op 00471

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-08012 
2022-00555
 (Index No. 151052/16)

[*1]Joan Thompson, respondent,
v
Northwell Health, Inc., et al., appellants.

Wilson Elser Moskowitz Edelman & Dicker LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling and Katherine Herr Solomon], of counsel), for appellants.
Jonathan D'Agostino & Associates, P.C., Staten Island, NY (Edward J. Pavia, Jr., of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from (1) an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated October 26, 2021, and (2) an order of the same court dated January 20, 2022. The order dated October 26, 2021, insofar as appealed from, in effect, granted that branch of the plaintiff's motion which was pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the defendants on the issue of liability as contrary to the weight of the evidence and for a new trial. The order dated January 20, 2022, insofar as appealed from, upon reargument, adhered to that prior determination in the order dated October 26, 2021.
ORDERED that the order dated October 26, 2021, is reversed insofar as appealed from, on the law, that branch of the plaintiff's motion which was pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the defendants on the issue of liability as contrary to the weight of the evidence and for a new trial is denied, the jury verdict is reinstated, and so much of the order dated January 20, 2022, as, upon reargument, adhered to the determination in the order dated October 26, 2021, in effect, granting that branch of the plaintiff's motion which was pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the defendants on the issue of liability as contrary to the weight of the evidence and for a new trial is vacated; and it is further,
ORDERED that the appeal from the order dated January 20, 2022, is dismissed as academic in light of our determination on the appeal from the order dated October 26, 2021; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
In August 2016, the plaintiff commenced this action against the defendants, Northwell Health, Inc., and Staten Island University Hospital (hereinafter the hospital), to recover damages for injuries she alleged she sustained in October 2015, when she slipped and fell on a puddle of clear liquid on the floor of the hospital's emergency room. The action proceeded to trial on the issue of [*2]liability. At the conclusion of the trial, the jury found that the defendants were not negligent on the day at issue and returned a verdict in favor of the defendants. The plaintiff thereafter moved, among other things, pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial. In an order dated October 26, 2021 (hereinafter the October 2021 order), the Supreme Court, inter alia, in effect, granted that branch of the plaintiff's motion. Thereafter, the defendants moved for leave to reargue their opposition to that branch of the plaintiff's motion. In an order dated January 20, 2022, the court granted leave to reargue and, upon reargument, adhered to its prior determination in the October 2021 order, in effect, granting that branch of the plaintiff's motion. The defendants appeal.
"A jury verdict in favor of a defendant should not be set aside as contrary to the weight of the evidence unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence" (Cedeno v McNulty, 39 AD3d 683, 683; see Tafolla v Aldrich Mgt. Co., LLC, 220 AD3d 690, 692). "When a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (Kirkland v Ranchers Best Wholesale Meats, Inc., 152 AD3d 656, 657; see Scalogna v Osipov, 117 AD3d 934, 935). "Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors" (TJG Realty of Rockland, LLC v Con Serv Constr., Inc., 218 AD3d 713, 715 [internal quotation marks omitted]).
Here, the Supreme Court should have denied that branch of the plaintiff's motion which was pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the defendants on the issue of liability as contrary to the weight of the evidence and for a new trial, as the record was not "replete with evidence of negligence" (Moncion v Russo, 173 AD2d 796, 797 [internal quotation marks omitted]). Based on the evidence presented at trial, the jury could reasonably have concluded that the plaintiff failed to establish that the defendants created or had actual or constructive notice of the puddle on the floor of the emergency room at the hospital (see Restagno v Baybridge at Bayside Condominium III, 193 AD3d 1002, 1003).
Contrary to the plaintiff's contention, there was sufficient evidence for the jury to conclude that the defendants did not create the puddle or have actual or constructive notice of it. Although the plaintiff testified at trial that the source of the puddle came from an intravenous bag, in contrast, the hospital's security guard testified at trial that he interviewed the plaintiff shortly after the incident and prepared an incident report, which did not contain any information about the source of the puddle. Moreover, the plaintiff's contention that no valid line of reasoning exists to conclude that the defendants did not create the puddle is unavailing, as the supervisor of the hospital's maintenance department testified at trial that, in the past, he had seen patients themselves take out intravenous bags and leave the premises. Thus, the conflicting testimony and evidence as to whether the plaintiff informed the hospital's security guard about her observation regarding the puddle and how the puddle was created presented credibility issues for the jury to resolve (see Ditoro v Richmond Univ. Med. Ctr., 202 AD3d 912, 913; Semo v McMahon, 128 AD3d 1048, 1049). Great deference is accorded to jury's determinations as to the credibility of the witnesses, as the jury had the opportunity to see and hear the witnesses (see Williams v Illinois Tool Works, Inc., 208 AD3d 1206, 1207; Semo v McMahon, 128 AD3d at 1049).
Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the defendants on the issue of liability as contrary to the weight of the evidence and for a new trial.
The plaintiff's remaining contentions either are not properly before this Court or do not warrant affirmance.
DUFFY, J.P., WOOTEN, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court