■ FREDY FIGUEROA, Respondent, v HLM ELECTRIC, LTD., Respondent, and IRELAND-GANNON ASSOCIATES, INC., Appellant, et al., Defendants. [996 NYS2d 61]—

In an action to recover damages for personal injuries, the defendant Ireland-Gannon Associates, Inc., appeals, as limited by its brief, from (1) stated portions of a judgment of the Supreme Court, Queens County (McDonald, J.), entered September 7, 2012, which, inter alia, upon a jury verdict on the issue of liability finding that it was at fault in the happening of the accident and violated Labor Law §§ 200 and 241 (6), and finding that the plaintiff and the other defendants were not at fault in the happening of the accident, and upon a jury verdict on the issue of damages awarding the plaintiff, among other things, the principal sums of $1,000,000 for past pain and suffering, $1,280,000 for future pain and suffering, and $360,000 for future medical expenses, is in favor of the plaintiff and against it in those sums, as adjusted pursuant to CPLR 5041, and (2) so much of an order of the same court dated February 19, 2013, as denied those branches of its motion which were pursuant to CPLR 4404 (a) to set aside the jury verdict against it on the issue of liability on the causes of action alleging violations of Labor Law §§ 200 and 241 (6), and common-law negligence and for judgment as a matter of law or, in the alternative, to set aside the jury verdict against it on the issue of liability on the causes of action alleging violations of Labor Law §§ 200 and 241 (6), and common-law negligence as contrary to the weight of the evidence and for a new trial, or, in the alternative, to set aside so much of the jury verdict as awarded the plaintiff damages for future medical expenses and for judgment as a matter of law dismissing so much of the complaint as sought to recover those damages or, in the alternative, to set aside so much of the jury verdict as awarded the plaintiff damages for future medical expenses as contrary to the weight of the evidence or excessive and for a new trial on the issue of those damages.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof awarding the plaintiff damages for future medical expenses; as so modified, the judgment is affirmed insofar as appealed from,

and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of damages for future medical expenses only, unless within 30 days after service upon him of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the amount of damages for future medical expenses from the principal sum of $360,000 to the principal sum of $286,750, and to the entry of an appropriate amended judgment; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from so much of the order as denied that branch of the motion of the defendant Ireland-Gannon Associates, Inc., pursuant to CPLR 4404 (a) which was to set aside so much of the jury verdict as awarded the plaintiff damages for future medical expenses as contrary to the weight of the evidence or excessive and for a new trial on the issue of those damages is dismissed as academic in light of our determination on the appeal from the judgment; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the defendant HLM Electric, Ltd., and the defendant Ireland-Gannon Associates, Inc.

The Supreme Court properly denied that branch of the motion of the defendant Ireland-Gannon Associates, Inc. (hereinafter IG), which was to set aside the jury verdict in favor of the plaintiff and against it on the issue of liability on the causes of action alleging violations of Labor Law §§ 200 and 241 (6), and common-law negligence, and for judgment as a matter of law.

"For a reviewing court to determine that a jury verdict is not supported by legally sufficient evidence, it must conclude that there is 'simply no valid line of reasoning and permissible inferences' by which the jury could have rationally reached its verdict 'on the basis of the evidence presented at trial' " (*Sokolik v Pateman*, 114 AD3d 839, 840 [2014], quoting *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). Here, there was a valid line of reasoning and permissible inferences by which the jury, on the basis of the evidence presented at trial, could have rationally reached its verdict on the issue of liability on the causes of action alleging violations of Labor Law §§ 200 and 241 (6), and common-law negligence.

The Supreme Court properly denied that branch of IG's motion which was to set aside the jury verdict in favor of the

plaintiff and against it on the issue of liability on the causes of action alleging violations of Labor Law §§ 200 and 241 (6), and common-law negligence as contrary to the weight of the evidence and for a new trial on the issue of liability on these causes of action. "[A] jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (*Sokolik v Pateman*, 114 AD3d at 840; *see Lolik v Big v Supermarkets*, 86 NY2d 744, 746 [1995]). "Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors" (*Sokolik v Pateman*, 114 AD3d at 840-841; *see Cohen v Hallmark Cards*, 45 NY2d at 499; *Nicastro v Park*, 113 AD2d 129, 133 [1985]). "It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (*Exarhouleas v Green 317 Madison, LLC*, 46 AD3d 854, 855 [2007]; *see Sokolik v Pateman*, 114 AD3d at 841). In this case, there is no basis to disturb the jury verdict on the issue of liability on these causes of action.

However, the award for future medical expenses should be reduced to the extent indicated, since, based on the evidence actually submitted to the jury, the award of damages beyond that sum was speculative and cannot stand (*see Mohamed v New York City Tr. Auth.*, 80 AD3d 677, 679 [2011]; *Firmes v Chase Manhattan Auto. Fin. Corp.*, 50 AD3d 18, 28-29 [2008]; *Korn v Levick*, 231 AD2d 606, 607 [1996]; *Sanvenero v Cleary*, 225 AD2d 755, 756 [1996]).

IG's remaining contentions are without merit. Balkin, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.