(September 28, 2016)

■ BENEDETTO ARCABASCIO, Appellant, v YOLANDA BEN-TIVEGNA, Respondent. [38 NYS3d 72]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Baynes, J.), dated June 23, 2015, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

On September 16, 2013, the plaintiff went to the defendant's property in Brooklyn to prepare an estimate to repair the back porch, which was approximately three feet above ground level. Shortly after stepping onto the back porch, the area where the plaintiff was standing allegedly collapsed, causing him to sustain personal injuries. Thereafter, the plaintiff commenced this action to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint, contending that she could not be held liable for the plaintiff's injuries since his injuries were caused by the very

condition that he had been hired to prepare an estimate to repair. The Supreme Court granted the defendant's motion.

Employers have a common-law duty to provide their employees with a safe place to work (*see Gasper v Ford Motor Co.*, 13 NY2d 104, 110 [1963]). The duty, however, does not extend to hazards that are part of, or inherent in, the very work the employee is to perform or defects the employee is hired to repair (*see id.* at 110; *Kowalsky v Conreco Co.*, 264 NY 125, 129-130 [1934]; *Annicaro v Corporate Suites, Inc.*, 98 AD3d 542, 544 [2012]; *Hansen v Trustees of M.E. Church of Glen Cove*, 51 AD3d 725, 726 [2008]). Here, the defendant failed to establish her prima facie entitlement to judgment as a matter of law, as the evidence submitted in support of her motion showed that the plaintiff merely went to the premises to prepare an estimate to repair the back porch. The plaintiff had not been hired to repair the back porch and he was not engaged in any repair work when the incident allegedly occurred (*see Martinez v City of New York*, 93 NY2d 322 [1999]; *Gibson v Worthington Div. of McGraw-Edison Co.*, 78 NY2d 1108 [1991]). Since the defendant failed to establish her prima facie entitlement to judgment as a matter of law, it is not necessary to review the sufficiency of the plaintiff's opposition papers.

The defendant's contention in point IV of her appellate brief, raised for the first time on appeal, is not properly before this Court. Mastro, J.P., Cohen, Connolly and Brathwaite Nelson, JJ., concur.