Vitale v Astoria Energy II, LLC (2020 NY Slip Op 01381)





Vitale v Astoria Energy II, LLC


2020 NY Slip Op 01381


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2018-08637 
2019-00840
 (Index No. 8372/12)

[*1]Daniel Vitale, et al., appellants,
v
Astoria Energy II, LLC, et al., respondents.


Sullivan Papain Block McGrath & Cannavo P.C., Garden City, NY (Stephen C. Glasser of counsel), for appellants.
Martyn, Toher, Martyn & Rossi, Mineola, NY (Thomas M. Martyn of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered April 2, 2018, and (2) a judgment of the same court entered December 17, 2018. The order denied the plaintiffs' motion pursuant to CPLR 4404 to set aside a directed verdict in favor of the defendants on the issue of liability and for a new trial. The judgment, upon the order, is in favor of the defendants and against the plaintiffs dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, the plaintiffs' motion pursuant to CPLR 4404 to set aside the directed verdict in favor of the defendants on the issue of liability and for a new trial is granted, the complaint is reinstated, the order is modified accordingly, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of liability; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff Daniel Vitale (hereinafter the injured plaintiff), and his wife suing derivatively, commenced this action to recover damages for personal injuries sustained by the injured plaintiff while he was working at a construction site. The defendant Astoria Energy II, LLC, was the owner of the property, and the defendant SNC-Lavalin Constructors, Inc., was the construction manager for the project. At the time of the accident, the plaintiff was working as a surveyor at the site, performing anchor bolt verification and tightening in preparation for a concrete pour at a footing for a boiler on the site. While traversing an uncovered steel reinforcement bar grid (hereinafter rebar [*2]grid), the injured plaintiff sustained injuries when he lost his balance and his left leg fell through one of the square openings of the rebar grid.
A jury trial was held on the cause of action alleging a violation of Labor Law § 200. At the close of evidence on the issue of liability, the defendants moved, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint. The Supreme Court granted the defendants' motion, finding, as a matter of law, that the defendants owed no duty to the injured plaintiff because traversing the rebar grid was an inherent part of his job. The court further found that the danger of walking across the rebar grid was readily observable and known to the injured plaintiff based upon his experience as a surveyor.
The plaintiffs moved pursuant to CPLR 4404 to set aside the directed verdict in favor of the defendants and for a new trial, arguing, inter alia, that falling through an uncovered rebar grid was not an inherent risk of anchor bolt verification. In an order entered April 2, 2018, the Supreme Court denied the plaintiffs' motion. Thereafter, on December 17, 2018, a judgment was entered in favor of the defendants and against the plaintiffs dismissing the complaint. The plaintiffs appeal.
"To be entitled to judgment as a matter of law pursuant to CPLR 4401, a defendant has the burden of showing that there is no rational process by which the jury could find in favor of the plaintiff and against the moving defendant" (Cicola v County of Suffolk, 120 AD3d 1379, 1381 [internal quotation marks omitted]; see Szczerbiak v Pilat, 90 NY2d 553, 556; Coscia v Jamal, 156 AD3d 861, 863; Cioffi v Klein, 131 AD3d 914, 915). " In considering such a motion, the evidence must be construed in the light most favorable to the nonmoving party, and the motion should not be granted where the facts are in dispute, where different inferences may be drawn from the evidence, or where the credibility of the witnesses is in question'" (Armstrong v New York City Tr. Auth., 124 AD3d 570, 571, quoting Cathey v Gartner, 15 AD3d 435, 436).
Labor Law § 200 is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work (see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877; Gonzalez v Perkan Concrete Corp., 110 AD3d 955, 958; Bombero v NAB Constr. Corp., 10 AD3d 170, 171). The duty, however, is subject to recognized exceptions (see Gasper v Ford Motor Co., 13 NY2d 104, 110). It does not extend to hazards which are part of or inherent in the very work which the contractor is to perform, or where the contractor is engaged for the specific purpose of repairing the defect (see id. at 110; Kowalsky v Conreco Co., 264 NY 125, 129-130; Arcabascio v Bentivegna, 142 AD3d 1120, 1121).
Here, in directing a verdict in favor of the defendants on the issue of liability, the Supreme Court improperly decided the factual questions of whether traversing an uncovered rebar grid was an inherent risk in the injured plaintiff's work as a surveyor, and whether the uncovered rebar grid was a dangerous condition under the circumstances presented. The record demonstrates that the plaintiffs' evidence made out a prima facie case, and that disputed factual issues existed which should have been resolved by the jury. Since the court failed to draw "every favorable inference" in favor of the plaintiffs and because the court resolved disputed issues of fact (Rhabb v New York City Hous. Auth., 41 NY2d 200, 202; see Pollack v Klein, 39 AD3d 730, 730-731), the matter must be remitted to the Supreme Court, Queens County, for a new trial on the issue of liability.
In light of our determination, we need not reach the plaintiffs' remaining contention.
CHAMBERS, J.P., MALTESE, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court