Liberty Equity Restoration Corp. v Pil Soung Park (2022 NY Slip Op 04016)

Liberty Equity Restoration Corp. v Pil Soung Park

2022 NY Slip Op 04016

Decided on June 22, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2020-00197
 (Index No. 69828/12)

[*1]Liberty Equity Restoration Corp., plaintiff,
v
Pil Soung Park, defendant third-party plaintiff-respondent; Jamiel Naber, et al., third-party defendants-appellants, et al., third-party-defendants.

James G. Dibbini & Associates, P.C., Yonkers, NY (Kunal Yadavi of counsel), for third-party defendants-appellants.
Tilem & Associates, P.C., White Plains, NY (Peter H. Tilem and Cindy N. Brown of counsel), for defendant third-party plaintiff-respondent.

DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the third-party defendants Jamiel Naber and Pascale Naber appeal from an order of the Supreme Court, Westchester County (Gerald E. Loehr, J.), dated December 27, 2019. The order, in effect, granted that branch of the motion of the defendant third-party plaintiff which was pursuant to CPLR 4404(a) to set aside a jury verdict awarding him $0 damages as the value of the use and occupancy of the subject premises for a certain time period as contrary to the weight of the evidence and for a new trial, unless the third-party defendants Jamiel Naber and Pascale Naber stipulated to the entry of a judgment in favor of the defendant third-party plaintiff and against them for damages in the principal sum of $4,000 per month for the relevant time period as the value of the use and occupancy of the subject premises.
ORDERED that the order is affirmed, with costs.
In a prior appeal, this Court, inter alia, granted that branch of the cross motion of the defendant third-party plaintiff, Pil Soung Park (hereinafter Park), which was for summary judgment on his third-party cause of action to recover the value of the use and occupancy of the subject premises for a certain time period (see Liberty Equity Restoration Corp. v Pil Soung Park, 160 AD3d 628), and remitted the matter to the Supreme Court, Westchester County, for further proceedings to determine the amount of damages owed to Park as the value of the use and occupancy of the subject premises during the relevant time period (see id. at 630-632). Upon remittitur, the matter proceeded to a jury trial on that issue. The jury awarded Park $0 damages as the value of the use and occupancy of the subject premises for the relevant time period. Park moved, among other things, pursuant to CPLR 4404(a) to set aside the verdict as contrary to the weight of the evidence. The Supreme Court, in effect, granted that branch of Park's motion, and directed a new trial unless the third-party defendants Jamiel Naber and Pascale Naber (hereinafter together the appellants) stipulated to the entry of a judgment for damages in the principal sum of $4,000 per month for the relevant time period as the value of the use and occupancy of the subject premises.
A jury verdict may be set aside as contrary to the weight of the evidence where "'the evidence so preponderate[d] in favor of the [movant] that [the verdict] could not have been reached on any fair interpretation of the evidence'" (Killon v Parrotta, 28 NY3d 101, 107, quoting Lolik v Big V Supermarkets, 86 NY2d 744, 746). "Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors" (Shellkopf v Bernfeld, 162 AD3d 1086, 1086-1087; see Cohen v Hallmark Cards, 45 NY2d 493, 499; Nicastro v Park, 113 AD2d 129, 133). Generally, the measure of the value of the use and occupancy is the fair market rental value of the property (see Split Rock Devs., LLC v Zartab, Inc., 135 AD3d 845, 846; Lelekakis v Kamamis, 103 AD3d 693, 696; Freidus v Eisenberg, 123 AD2d 174, 178, mod 71 NY2d 981).
Here, the jury's verdict awarding Park $0 damages per month was not based upon a fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d at 746). Under the circumstances of this case, the Supreme Court providently exercised its discretion in, in effect, granting that branch of Park's motion which was pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence, and directing a new trial unless the appellants stipulated to an award of damages in the principal sum of $4,000 per month for the relevant time period (see Gallagher v Roman, 58 AD3d 800, 801).
The appellants' remaining contention is without merit.
BRATHWAITE NELSON, J.P., RIVERA, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court