TJG Realty of Rockland, LLC v Con Serv Constr., Inc. (2023 NY Slip Op 03881)

TJG Realty of Rockland, LLC v Con Serv Constr., Inc.

2023 NY Slip Op 03881

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2019-05299
 (Index Nos. 30631/12, 30650/12)

[*1]TJG Realty of Rockland, LLC, et al., appellants,
v
Con Serv Construction, Inc., respondent, et al., defendants. (Action No. 1.)
E. Daskal Corp., appellant,
v
Con Serv Construction, Inc., respondent, et al., defendants. (Action No. 2.)

Robert L. Reda, Suffern, NY (Mischel & Horn, P.C. [Scott T. Horn and Lauren E. Bryant], of counsel), for appellants in Action No. 1, and David Clifford Holland, New York, NY (Mischel & Horn, P.C. [Scott T. Horn and Lauren E. Bryant], of counsel), for appellants in Action No. 2 (one brief filed).
Feldman, Rudy, Kirby & Farquharson, P.C., Jericho, NY (Gerald F. Kirby of counsel), for respondent.

DECISION & ORDER
In related actions to recover damages for injury to property, which were joined for trial, the plaintiffs in Action No. 1 and the plaintiff in Action No. 2 appeal from an undated clerk's judgment of the Supreme Court, Rockland County (Paul I. Marx, J.). The clerk's judgment, upon a jury verdict in favor of Con Serv Construction, Inc., a defendant in Action No. 1 and Action No. 2, and against the plaintiffs in those actions on the issue of liability on their causes of action alleging negligence, is in favor of that defendant and against those plaintiffs, in effect, dismissing the complaints in those actions insofar as asserted against that defendant.
ORDERED that the clerk's judgment is affirmed, with costs.
On the evening of February 5, 2009, a fire broke out at a commercial building located in Suffern. Multiple construction companies leased space within the building, which included, among other things, an open area with a concrete floor commonly known as the mechanics' work area. In December 2008, Con Serv Construction, Inc. (hereinafter Con Serv), one of the lessees, had installed a waste oil heater within the mechanics' work area to provide heat for the workers during the cold winter months. Containers of propane, diesel fuel, and gasoline—some of which were plastic—were stored within a ten-foot radius of the heater. Mario Lopez, a Con Serv employee who lived in a home next door, was charged with closing the building up at night after all the various work crews returned from the field, including shutting off the heater. On the night of the fire in February 2009, Lopez and two co-workers, while standing near the building's front entrance, heard an unexpected noise emanating from the mechanics' work area in the rear of the building. The mechanics' work area was dark, since Lopez had already turned off most of the building's lights as [*2]part of his closing routine. Lopez thought that the sound he heard was emanating from the heater, which was still operating at the time. He opted not to turn on the lights or otherwise inspect the mechanics' work area in response to the sound because he was planning to return to the building to turn off the heater and otherwise finish his closing routine after he went home to eat dinner. Shortly after Lopez and his co-workers left, the fire erupted, effectively destroying the building.
In 2012, the plaintiffs TJG Realty of Rockland, LLC, Excelsior Estate Homes, LLC, and Timothy Gulla—who each purportedly suffered damages as a result of the fire—commenced an action to recover damages for injury to property against Con Serv, among others. The plaintiff E. Daskal Corp., one of the building's lessees, also commenced an action against Con Serv, among others, to recover damages for injury to property. The actions were thereafter joined for trial. All of the claims in the actions were eventually resolved, except for those asserted against Con Serv.
In February 2019, the actions proceeded to a jury trial. Among other witnesses, the jurors heard testimony from two cause and origin experts—Robert Malanga, the plaintiffs' expert, and Joseph Pasquarello, Con Serv's expert—and Detective Shari Moody, the Rockland County Sheriff's Office's lead arson investigator for the fire. By the time of trial, Detective Moody had retired from public service and had been retained by Con Serv's counsel as an expert. Malanga testified that the fire originated in the waste oil heater as a result of a mechanical defect therein. Pasquarello and Detective Moody, in contrast, both testified that the cause of the fire could not be determined, although they each ruled out the waste oil heater as the cause. At the close of evidence on the liability phase of the trial, Con Serv moved for a directed verdict. The Supreme Court granted that branch of the motion which was to dismiss so much of the complaints as alleged that Con Serv was negligent based on Lopez's failure to inspect the sound he heard on the night of the fire. However, the court denied that branch of the motion which was to dismiss so much of the complaints as alleged that Con Serv was negligent in storing flammable and/or combustible materials near the waste oil heater. The first question on the jury's verdict sheet was whether the fire originated in the heater, since the plaintiffs' contention that Con Serv was negligent in storing the materials near the heater was premised upon the idea that the fire originated therein. The jury answered that question in the negative, thereby constituting a defense verdict. The Rockland County Clerk thereafter issued an undated judgment consistent with the jury's verdict, in effect, dismissing the complaints insofar as asserted against Con Serv. The plaintiffs appeal.
"A verdict in favor of a defendant should not be set aside as contrary to the weight of the evidence unless the evidence so preponderated in favor of the plaintiff that the verdict could not have been reached on any fair interpretation of the evidence" (Rucigay v Wyckoff Hgts. Med. Ctr., 194 AD3d 865, 868 [internal quotation marks omitted]). In other words, "[w]here [a defense] verdict can be reconciled with a reasonable view of the evidence, the [defendant] is entitled to the presumption that the jury adopted that view" (Lara v Arevalo, 205 AD3d 700, 702 [internal quotation marks omitted]). "This standard [serves] to accentuate the principle that when a jury, upon being presented with sharply conflicting evidence creating a factual dispute, resolve[s] the controversy in favor of the defendant upon a fair interpretation of the evidence, that finding should be sustained" (Williams v Illinois Tool Works, Inc., 208 AD3d 1206, 1207 [internal quotation marks omitted]).
"Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors" (Liberty Equity Restoration Corp. v Pil Soung Park, 206 AD3d 898, 899 [internal quotation marks omitted]). "A court must not interfere with a jury's fact-finding process merely because it disagrees with its findings or would have evaluated the witnesses' credibility differently and reached a contrary determination" (Reilly v Ninia, 81 AD3d 913, 915). "It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (Figueroa v HLM Elec., Ltd., 121 AD3d 1038, 1040 [internal quotation marks omitted]). As such, "where conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion and reject that of another expert" (Grullon v Thoracic Surgical, P.C., 208 AD3d 1163, 1165 [internal quotation marks omitted]). "[A] jury [is] not [*3]required to accept one expert's testimony over that of the other, but [is] entitled to accept or reject either expert's position in whole or in part" (Mehmeti v Miller, 196 AD3d 475, 476 [internal quotation marks omitted]). Moreover, unlike a challenge to the legal sufficiency of the evidence, "there is no preservation requirement for weight of the evidence review" (Feiner v Galpern, 187 AD3d 992, 993 [internal quotation marks omitted]).
Here, contrary to the plaintiffs' contentions, the jury's verdict in favor of Con Serv was based on a fair interpretation of the evidence. This is not a situation where "the conclusions reached by [a defendant's] expert assumed facts not supported by the evidence, were not based on any facts in the record or personally known by [him or her,] were not supported by facts fairly inferable from the evidence," and were instead "based on mere speculation unsupported by any direct evidence" (Reilly v Ninia, 81 AD3d at 916). The jury was therefore permitted to accept the opinions of Detective Moody and Pasquarello and reject Malanga's opinion, whether in whole or in part (see Grullon v Thoracic Surgical, P.C., 208 AD3d at 1165; Mehmeti v Miller, 196 AD3d at 476). Since the jury's verdict that the fire did not originate in the waste oil heater can be "reconciled with a reasonable view of the evidence," including, inter alia, the conclusions offered by the experts, Con Serv is "entitled to the presumption that the jury adopted that view" (Lara v Arevalo, 205 AD3d at 702 [internal quotation marks omitted]). The plaintiffs have therefore failed to demonstrate that the jury's verdict was against the weight of the evidence.
"To be entitled to judgment as a matter of law pursuant to CPLR 4401, a defendant has the burden of showing that there is no rational process by which the jury could find in favor of the plaintiff and against the moving defendant" (Vitale v Astoria Energy II, LLC, 180 AD3d 1104, 1105 [internal quotation marks omitted]). "In considering such a motion, the evidence must be construed in the light most favorable to the nonmoving party, and the motion should not be granted where the facts are in dispute, where different inferences may be drawn from the evidence, or where the credibility of the witnesses is in question" (id. at 1105 [internal quotation marks omitted]).
Contrary to the plaintiffs' assertions, the Supreme Court's decision to grant that branch of Con Serv's motion which was for judgment as a matter of law on the theory of liability premised upon Lopez's failure to investigate the noise is not a basis for reversal. Even assuming that the court improperly determined at the close of evidence, in effect, that there was no rational process upon which the jury could have rendered a verdict against Con Serv based upon that theory, any such error was rendered harmless by the jury's subsequent verdict. The plaintiffs' various theories of liability were premised upon the idea that the fire originated in the waste oil heater, including the theory relating to Lopez. The plaintiffs specifically argued that the sound Lopez heard was emanating from the heater, and that the fire would not have occurred had Lopez investigated the sound and shut off the heater. Since the jury found that the fire did not originate in the heater, there would have been no rational process by which the jury could have found that Con Serv was negligent based on Lopez's failure to investigate the sound (see id.). To the extent that the plaintiffs contend that Con Serv could have been deemed negligent for Lopez's omissions even if the fire did not originate in the heater, this theory is improperly raised for the first time on appeal and is therefore not properly before this Court.
The plaintiffs' remaining contentions also are not properly before this Court.
DILLON, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court