Lapera v Cee-Jay Real Estate Dev. Corp. (2024 NY Slip Op 05437)

Lapera v Cee-Jay Real Estate Dev. Corp.

2024 NY Slip Op 05437

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2022-01748
2022-03176
 (Index No. 152814/18)

[*1]Camille Lapera, et al., respondents, 
v
Cee-Jay Real Estate Development Corp., appellant, et al., defendant (and a third-party action).

Sgarlato & Sgarlato, PLLC, Staten Island, NY (John Z. Marangos of counsel), for appellant.
Scamardella, Gervasi & Kasegrande, P.C., Staten Island, NY (Michael V. Gervasi of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and a violation of General Business Law § 349, the defendant Cee-Jay Real Estate Development Corp. appeals from (1) an amended judgment of the Supreme Court, Richmond County (Lizette Colon, J.), dated March 7, 2022, and (2) an order of the same court dated April 19, 2022. The amended judgment, upon a jury verdict in favor of the plaintiffs and against the defendant Cee-Jay Real Estate Development Corp., and upon, in effect, the denial of that defendant's application, in effect, pursuant to CPLR 4404(a) to set aside so much of the jury verdict as was in favor of the plaintiffs on the issue of liability as contrary to the weight of the evidence and for a new trial, is in favor of the plaintiffs and against that defendant in the total sum of $233,353.56. The order, insofar as appealed from, denied that branch of the motion of the defendant Cee-Jay Real Estate Development Corp. which was, in effect, pursuant to CPLR 4404(a) to set aside so much of the jury verdict as awarded the plaintiff damages in the sum of $102,852 on the cause of action alleging breach of contract as contrary to the weight of the evidence and for a new trial on the issue of damages on that cause of action.
ORDERED that the amended judgment is affirmed; and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The plaintiffs commenced this action, inter alia, to recover damages for breach of contract and a violation of General Business Law § 349. At trial, the plaintiffs sought to establish that they had entered into a contract with the defendant Cee-Jay Real Estate Development Corp. (hereinafter the defendant), pursuant to which the defendant agreed to perform certain renovations to the plaintiffs' house, including construction of a porch, and that the defendant had breached the contract by leaving the work unfinished and in a substandard condition. The plaintiffs also sought to establish that the defendant had made materially misleading consumer-oriented public advertisements and statements regarding the defendant's skill, qualifications, and personnel. The [*2]defendant contended that the plaintiffs had entered into a contract not with the defendant but with the third-party defendant, Aron Braha, who had no authority to enter into contracts on the defendant's behalf, and that Braha had altered the defendant's lawn signs and business cards without the defendant's permission to reflect Braha's own contact information rather than the defendant's contact information.
Following the trial, the jury reached a verdict finding, among other things, that the defendant had entered into a contract with the plaintiffs and had breached that contract, that the plaintiffs had sustained damages from the breach of the contract in the sum of $102,852, and that the defendant violated General Business Law § 349. Thereafter, the defendant made an oral application, inter alia, in effect, pursuant to CPLR 4404(a) to set aside so much of the verdict as was in favor of the plaintiffs on the issue of liability on the breach of contract and General Business Law § 349 causes of action as contrary to the weight of the evidence and for a new trial, and to set aside so much of the verdict as awarded the plaintiffs damages on the breach of contract cause of action as contrary to the weight of the evidence and for a new trial on the issue of damages on that cause of action. The Supreme Court, in effect, denied the defendant's application with respect to so much of the verdict as was in favor of the plaintiffs on the issue of liability and directed the defendant to submit a written motion with respect to the issue of damages on the breach of contract cause of action. On March 7, 2022, the court issued an amended judgment in favor of the plaintiffs and against the defendant in the total sum of $233,353.56. The defendant moved, among other things, in effect, pursuant to CPLR 4404(a) to set aside so much of the verdict as awarded the plaintiffs damages on the breach of contract cause of action as contrary to the weight of the evidence and for a new trial on the issue of damages on that cause of action. In an order dated April 19, 2022, the court, inter alia, denied that branch of the motion. The defendant appeals from the amended judgment and the order.
A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746; Schuster v Sourour, 207 AD3d 491, 493). "When a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (Sela v Katz, 165 AD3d 1191, 1192; see TJG Realty of Rockland, LLC v Con Serv Constr., Inc., 218 AD3d 713, 715). "It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (Scalogna v Osipov, 117 AD3d 934, 935; see TJG Realty of Rockland, LLC v Con Serv Constr., Inc., 218 AD3d at 715). A jury may believe or disbelieve the testimony of a witness, or believe portions of the testimony and disbelieve others (see Wasserman v Wong, 181 AD2d 672, 674). Indeed, the jury is free to accept or reject some or all of the parties' testimony and weigh any conflicting inferences (see Pena v Automatic Data Processing, Inc., 105 AD3d 924, 925; Johnny's Plumbing & Heating, Inc. v Garson Bros. Constr., LLC, 63 AD3d 689).
Contrary to the defendant's contention, the jury's verdict in favor of the plaintiffs on the issue of liability on the breach of contract cause of action was based on a fair interpretation of the evidence and was not contrary to the weight of the evidence. "Liability for breach of contract does not lie absent proof of a contractual relationship or privity between the parties" (Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp., 64 AD3d 85, 104; see Bedford-Carp Constr., Inc. v Brooklyn Union Gas Co., 219 AD3d 1293, 1294). A principal is bound to a contract entered into by an agent if the agent had the authority to enter into the contract on behalf of the principal (see Matter of Jefferies & Co., Inc. v Infinity Equities I, LLC, 66 AD3d 540, 541; Skyline Agency v Coppotelli, Inc., 117 AD2d 135). An agent's authority can be actual or apparent (see Rolfe v Hewitt, 227 NY 486, 491; Utopia Home Care, Inc. v Revival Home Health Care, Inc., 176 AD3d 900, 902; Zigabarra v Falk, 143 AD2d 901, 902).
Based on the evidence adduced at trial, it was reasonable for the jury to adopt the plaintiffs' view of the case and to conclude that Braha was the defendant's agent and entered into a contract with the plaintiffs on the defendant's behalf. The plaintiffs introduced evidence that the signature of the defendant's principal, Clifford D. Seigel, appeared on permit applications submitted [*3]in connection with the subject renovation project and that permits were issued to the defendant for the project. The plaintiff Thomas Lapera testified that during the first or second week of the project, Seigel visited the plaintiffs' home in a commercial vehicle bearing the defendant's logo, was introduced to Thomas Lapera by Braha, and asked Thomas Lapera how everything was going. Both of the plaintiffs and Seigel each testified that after the project had progressed, in August 2015, Thomas Lapera called the defendant to complain about incomplete and poor quality work, and Seigel responded by coming to the plaintiffs' home and reviewing a "punch list" prepared by the plaintiffs of incomplete items. Both of the plaintiffs testified that at this meeting, Seigel never gave any indication that the work had not been performed by the defendant. The plaintiffs also submitted evidence that when the defendant was charged with a violation in connection with the project, Seigel appeared and testified at the violation hearing, filed a certificate of correction regarding the violation in which he attested to having performed work to correct the violation, and paid the violation's monetary fee. The plaintiffs also submitted evidence that the defendant filed a mechanic's lien against the plaintiffs' property, seeking payment for renovation work performed at the property. While some of Seigel's testimony contradicted some of the plaintiffs' testimony, the jury was free to disbelieve Seigel's testimony, and we find no basis to disturb the jury's implicit credibility determinations (see Gam v Dvir, 223 AD3d 706).
Contrary to the defendant's contention, the jury's verdict in favor of the plaintiffs on the issue of liability on the General Business Law § 349 cause of action was also based on a fair interpretation of the evidence and was not contrary to the weight of the evidence. General Business Law § 349(a) provides that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in [New York] are . . . unlawful." "As a threshold matter, in order to satisfy General Business Law § 349 plaintiffs' claims must be predicated on a deceptive act or practice that is 'consumer oriented'" (Gaidon v Guardian Life Ins. Co. of Am., 94 NY2d 330, 344, quoting Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 24-25). In order to demonstrate that the act was consumer oriented, the plaintiff "need not show that the defendant committed the complained-of acts repeatedly—either to the same plaintiff or to other consumers—but instead must demonstrate that the acts or practices have a broader impact on consumers at large" (Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, N.A., 85 NY2d at 25). Deceptive acts or practices within the meaning of the statute are "representations or omissions . . . likely to mislead a reasonable consumer acting reasonably under the circumstances" (id. at 26). "General Business Law § 349 contemplates actionable conduct that does not necessarily rise to the level of fraud" (Gaidon v Guardian Life Ins. Co. of Am., 94 NY2d at 343). Here, a fair interpretation of the evidence supports the jury's findings that the defendant made materially misleading public advertisements and statements about its skill, qualifications, and personnel, and that such advertisements and statements had a broad impact on consumers at large (see Guoba v Sportsman Props., Inc., 200 AD3d 658, 659; State of New York v Middletown Beef Co., 84 AD2d 834, 834).
The Supreme Court properly denied that branch of the defendant's motion which was, in effect, pursuant to CPLR 4404(a) to set aside so much of the verdict as awarded the plaintiffs damages on the breach of contract cause of action as contrary to the weight of the evidence and for a new trial on the issue of damages on that cause of action. Contrary to the defendant's contention, the jury's verdict on the issue of damages on the breach of contract cause of action was supported by a fair interpretation of the evidence (see generally Kaufman v Le Curt Constr. Corp., 196 AD2d 577, 578).
LASALLE, P.J., CHAMBERS, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court