Vindell v Site 2 DSA Owner, LLC (2025 NY Slip Op 03353)

Vindell v Site 2 DSA Owner, LLC

2025 NY Slip Op 03353

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2021-03803
 (Index No. 705388/17)

[*1]Deylis Vindell, appellant, 
v
Site 2 DSA Owner, LLC, et al., respondents.

Mirman, Markovits & Landau, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Greg Freedman], of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Nicholas M. Vevante of counsel), for respondents.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered May 26, 2021. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.7(d).
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff, an employee of ECD NY, Inc. (hereinafter ECD), allegedly was injured while working at a construction site in Manhattan owned by the defendants Site 2 DSA Owner, LLC, Site 2 DSA Residential, LLC, Site 2 DSA Theater, LLC, and Site 2 DSA Commercial, LLC (hereinafter collectively the owners). The plaintiff commenced separate actions, which were subsequently consolidated, against the owners, the construction manager, T G Nickel & Associates, LLC, and a subcontractor, Earth Construction Services (hereinafter Earth Construction), to recover damages for personal injuries. The plaintiff alleged, among other things, common-law negligence and violations of Labor Law §§ 200 and 241(6).
The defendants moved for summary judgment dismissing the complaint. The evidence submitted in support of the defendants' motion established that a building on the construction site had been demolished and ECD was hired to excavate the dirt, provide the necessary support for the excavation, and install piles that would be used as structural support for a new building. At the time of the plaintiff's accident, the construction site consisted of an approximately 43,000-square-foot, open excavation area that was below street level and divided into cellar and subcellar levels. A nearby underground water source created high water levels above the subcellar level of the excavation site, resulting in water entering the subcellar level. The water needed to be [*2]remediated in order for the foundational and other construction work to proceed. Earth Construction was hired to perform "dewatering services," and it installed a dewatering system to drain and pump the water from the cellar and subcellar levels of the excavation area to the street. At the time of the plaintiff's accident, walls comprised of soil and grout provided temporary support for the excavation at the subcellar level and protection from water leaking through the walls into the subcellar excavation area. As part of its work, ECD installed plywood against these walls and injected waterproofing foam to stop the leaking.
The evidence submitted in support of the defendants' motion established that, at the time of the accident, the plaintiff was at the bottom of the excavation area using a sledgehammer to remove a piece of wood that was supporting plywood on the excavation wall. The standing area was covered in approximately one foot of water, which created a muddy bottom. After the plaintiff complained, some water was pumped out and the standing water was reduced only by approximately three inches. The plaintiff struck the piece of wood with the sledgehammer and the sledgehammer came down towards his feet. The plaintiff tried to move, but his feet stuck in the mud. The plaintiff lost his balance and fell backwards, sustaining injuries.
In support of those branches of their motion which were for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action, the defendants contended, inter alia, that the mud and water conditions were inherent in and part of the work that the plaintiff was performing at the time of the accident and, therefore, they did not owe the plaintiff a duty of care to keep the work area free from those conditions. In an order entered May 26, 2021, the Supreme Court, among other things, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200, and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.7(d). With respect to the common-law negligence and Labor Law § 200 causes of action, the court determined that the defendants' submissions demonstrated that the plaintiff's injuries were caused by the leaking water and muddy conditions that he was hired to remedy and, therefore, the defendant did not owe him a duty of care to correct the muddy condition. The plaintiff appeals.
The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). The failure to make such a showing requires denial of the motion, without regard to the sufficiency of the opposition papers (see Alvarez v Prospect Hosp., 68 NY2d at 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
Labor Law § 200 is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352; Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877). "The duty, however, is subject to recognized exceptions. It does not extend to hazards which are part of or inherent in the very work which the contractor is to perform, or where the [workers] are engaged for the specific purpose of repairing the defect" (Gasper v Ford Motor Co., 13 NY2d 104, 110 [citations omitted]; see Kowalsky v Conreco Co., 264 NY 125, 128-129; Vitale v Astoria Engergy II, LLC, 180 AD3d 1104, 1105-1106; Arcabascio v Bentivegna, 142 AD3d 1120, 1121). "[W]hether a dangerous condition is within the scope of the work an employee or contractor is hired to perform is a fact-specific inquiry" (Grasso v New York State Thruway Auth., 159 AD3d 674, 679).
Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law. The evidence submitted in support of the motion was conflicting as to the source of the water that created the muddy condition in which the plaintiff's feet stuck and did not establish that the plaintiff was employed for the specific purpose of correcting that defect (see Reaves v Novartis Pharms. Corp., 167 AD3d 669, 671; see also Torres v Board of Educ. of the City of N.Y., 175 AD3d 1584, 1586; Arcabascio v Bentivegna, 142 AD3d at 1121). Since the defendants failed to eliminate triable issues of fact, the Supreme Court should have denied those branches of their [*3]motion which were for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action, without regard to the sufficiency of the plaintiff's opposition papers.
However, the defendants established their prima facie entitlement to judgment as a matter of law dismissing so much of the Labor Law § 241(6) cause of action as was predicated on a violation of 12 NYCRR 23-1.7(d). The defendants submitted evidence demonstrating that 12 NYCRR 23-1.7(d) was inapplicable, as the plaintiff did not slip or trip (see Zastenchik v Knollwood Country Club, 101 AD3d 861, 863), and was not using a floor, passageway, walkway, or other surface contemplated by that Industrial Code provision at the time of the accident (see Enriquez v B & D Dev., Inc., 63 AD3d 780, 781; see also German v Antonio Dev., LLC, 128 AD3d 579, 580; McKee v Great Atl. & Pac. Tea Co., 73 AD3d 872, 874-875; Porazzo v City of New York, 39 AD3d 731, 731). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.7(d).
CHAMBERS, J.P., BRATHWAITE NELSON, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court